Stringham, Admr. v. Brown et al.

STRINGHAM, Admr. *v.* BROWN *et al.*

A husband, as administrator of his deceased wife, is not entitled to an injunction to restrain the sale of his wife's real estate under a trust deed, without showing that at the death of the wife, some interest in the premises descended to himself.

An injunction should not be granted to restrain the sale of real estate under, and in accordance with, the terms of a trust deed, where the party asking the injunction, admits in his petition that a portion of the debt is due, but makes no tender of the sum thus admitted to be due.

Where a petition for an injunction alleged, that the petitioner was the administrator of A. J. S., deceased; that the said A. J. S. in her life-time, executed to S. a deed of trust, in which one B. was made trustee, and in which the said B. was authorized to sell, upon conditions named therein, certain described real estate; that said deed was dated April 18, 1856, and authorized said B. to sell said real estate, after giving a certain notice of the sale, provided the sum of eight hundred dollars was not paid at the time and in the manner specified in said deed; that the said A. J. S. at the time of the execution of the deed of trust, and up to the time of her death, was the wife of petitioner; that the petitioner, as the husband of the said A. J. S., and for her, paid to said S. on said debt, at different times, and in different amounts, the sum of $590; that four notes were given by the said A. J. S. to the said S., for the several sums of $200, payable at the times specified in said deed; that only one of said notes had been cancelled; that the other notes were not cancelled, for the reason that there was a running account between petitioner and said S., for work done for, and money paid to, said S. on said notes; that notwithstanding there was only due on said debt about $250, the said B. was proceeding under said trust deed, to sell said real estate to pay off the sum of $600 and interest, which he claimed to be due on said debt, and had published a notice for the sale of said premises on a given day; that the claim against the decedent had never been presented to the

county court of Polk county, for allowance, as the law requires ; that the petitioner, as administrator of the said A. J. S., had never been served with any notice of said sale, except the published one ; that the said S. after the said notes became due, assigned them to one C.; and that petitioner was ready and willing to pay the amount actually due on the notes—upon which petition an injunction was allowed ; *Held*, That the injunction was improperly allowed.

*Appeal from the Polk District Court.*

Tuesday, October 19.

Bill for an Injunction.   The petitioner alleges that he is the administrator of Almira J. Stringham, deceased; that the said Almira J. in her life-time, executed to Andrew J. Stevens, a deed of trust, in which one T. E. Brown was made the trustee, and in which the said Brown was authorized to sell, upon conditions therein named, certain described real estate; that said deed was dated April 18, 1856, and authorized said Brown to sell said real estate, after giving a certain notice of the sale therein named, provided that the sum of eight hundred dollars was not paid in the times and manner specified in the deed ; that the said Almira J., at the time of the execution of said trust deed, was the wife of the petitioner, and continued to be his wife until the time of her death ; that the · petitioner, as the husband of said Almira J., and for her, paid to said Stevens, on the said debt, at different times, and in different amounts, the sum of five hundred and ninety dollars, which reduces the amount said deed was given to secure, to about two hundred and fifty dollars ; that four notes were given by the said Almira J., to the said Stevens for the several sums of two hundred dollars, payable at the times specified in said trust deed; that only one of said notes has been cancelled ; that the reason the remaining notes were not cancelled, was that there was a running account between the petitioner and the said Stevens, for work done for, and money paid to, him, on said notes ; that notwithstanding, that there was only due on said deed of

trust, or on said debt, about two hundred and fifty dollars, yet the said Brown was proceeding under said deed of trust to sell the said real estate, to pay off the sum of six hundred dollars, and interest, which he alleged to be due on said debt; that he has published a notice for the sale of said premises, on the second day of November, 1857; that the said claim against the said decedent, has never been presented to the county court of said county of Polk, for allowance, as the law requires; that the petitioner, as administrator of the said Almira J., had not been served with any notice of said sale, save by the published notice; and that the said Stevens, since the said notes became due, assigned said deed of trust and the notes, to one Callanan. The petition then prays that Brown, the trustee, may be perpetually enjoined from selling the premises under the trust deed. On the day the petition was filed, the complainant amended his bill by adding the following: " The said petitioner says that he is ready and willing to pay the amount actually due on said deed of trust; and if the said defendants will accept what is actually due on the same, petitioner is ready and able to pay the same." The district court granted an injunction, from which order the respondents appeal.

*J. M. Ellwood,* for the appellants.

I. We insist that the court was not authorized to stay the proceedings of the trustee, and for that purpose issue an injunction, without an offer to the *cestui que trust,* or his assigns, to pay the sum conceded by the plaintiff's bill to be due, by virtue of the deed of trust, with the cost incurred by him in foreclosing under the deed of trust.

*First.* It is a familiar principle of equity jurisdiction and equity practice, that a party invoking the aid of equity and the interposition of its power, must, to entitle him to the relief desired, place himself in the proper position to demand the relief; in other words, that a party who

seeks equity, must first do equity. 1 Story's Eq. Jur., 76, sec. 64; 1 Ib., 321, sec. 301; *Rogers* v. *Rathbun*, 1 Johns. Ch., 366.

*Second.* Under the application of this rule, it has been repeatedly held that a party who comes into court, asking relief against a usurious contract, (and even in those States where the statute declares usurious contracts absolutely void), must, before he is entitled to relief by injunction, pay, or offer to pay, the sum actually loaned to him, with the legal interest thereon. 1 Story's Equity, sec. 301; 7 Blackford, 423; *Rogers* v. *Rathbun*, 1 Johns. Ch., 366; *Tupper* v. *Powell*, 1 Ib., 439; *Fanning* v. *Dinham*, 5 Ib., 122; *Fulton Bank* v. *Beach*, 1 Paige, 429; *Morgan* v. *Schermerhorn*,, 1 Ib., 544; *Judd* v. *Seaver*, 8 Ib., 548; *Beach* v. *Fulton Bank*, 3 Wendell, 573; *Post* v. *Bank of Utica*, 7 Hill, 391; *Phelps* v. *Pierson*, 1 G. Greene, 121.

*Third.* The same rule applies in cases of an application, by a mortgagor, to enjoin proceedings at law in cases of foreclosure by notice; and in such case, the party invoking the aid of a court of equity, is required to tender, or offer to pay the principal sum actually due, with the interest thereon, and also the cost incurred by the mortgagee, in proceeding to foreclose by notice, up to to the time of such offer. *Clarkson* v. *De Peyster*, Hopkins Ch., 274; *Hine* v. *Handy*, 1 Johns., 6; *Vechte* v. *Brownell*, 8 Paige, 212.

*Fourth.* But it may be claimed that the statement contained in the amendment to the petition, that "he is ready and willing to pay the amount actually due on said deed of trust, and that if the said defendants will accept what is actually due on the same, petitioner is ready and able to pay the same," is a substantial compliance with the equity rule referred to, and that it is an offer on the part of the plaintiff to pay the same. We submit that this allegation of the petition does not bring the plaintiff within the rule. If it is claimed that by this allegation of the plaintiff, he means to insist that the offer contained in his answer, amounts to a tender of the amount due, we insist that

Stringham, Admr. v. Brown et al.

it is not a legal tender, for the reason, that the plaintiff does not tender a specific sum, and for the reason that it is accompanied by the qualification, "if defendants will accept it." A tender must be of the amount due, and must be without qualification, reservation or condition. *Dunham* v. *Jackson*, 6 Wendell, 22; *Wood* v. *Hitchcock*, 20 Ib., 47.

II. The general statement in the petition, that there is only about two hundred and fifty dollars due, is altogether too general and indefinite, to authorize the issuing of an injunction. The petition should state the time, circumstances, and amount of each payment, so as to enable the defendant to controvert the fact of such payments having been made. *Williams* v. *Lockwood*, 1 Clarke Ch., 172; *Christie* v. *Bogardis*, 1 Barb. Ch., 167. It will be observed by reference to the petition, that the allegation of payments therein contained is general, "that your petitioner as the husband of the said Almira J., and for her, paid to said Andrew J. Stevens, on the said debt of eight hundred dollars, at different times and in different amounts, the sum of five hundred and ninety-eight dollars." This is not such a particular statement of the terms, circumstances, and amount of each payment, as required by the above authorities to authorize the issuing of an injunction.

III. The only remaining point which we submit is, that even conceding the deed of trust to stand in the light of a mortgage, still, the order of the district court granting the injunction, was irregular and without authority. The title to the land described in the deed of trust, on the death of the donor in the deed named, vested in her heirs, subject to the lien created by the deed of trust, and they inherited the same in fee, subject to the discharge of the lien, and therefore the application for the injunction should have been made by the heirs of the deceased donor, and not by the plaintiff. *Hitchcock* v. *Harrington*, 6 Johns., 290; *Collins* v. *Torry*, 7 Johns., 278; *Rosevelt* v. *Heirs of*

*Fulton*, 7 Caines, 71 ; *Waters* v. *Stewart*, 1 Cowen Cases, 68, 9 ; *Jackson* v. *Willard*, 4 Johns., 41 ; 4 Kent's Com., (8th ed.), 395 ; *Walton* v. *Crowley*, 14 Wend., 63 ; Code of Iowa, section 1210.

1.   The above authorities settle the doctrine that the mortgagor as donor, at the time of her death, (conceding the instrument to be a mortgage), was seized of the land in fee ; that her heirs upon her death succeeded to the inheritance, subject to the mortgage ; and that the interest of the mortgagee or *cestui que trust*, could not be sold, even on execution against him.

2.   If then the land descended to the heirs of the intestate upon her death, they acquired the legal title in fee ; and being the owners thereof, this action to restrain and enjoin the sale should have been commenced in their names.

3.   In any event, they had an interest in the action, and are, strictly speaking, parties in interest. They should have joined with the administrator in the proceeding. Code of Iowa, sections 1676, 1679.   The application for the injunction not having been made by all the proper parties interested, should have been refused.

We submit, therefore, that the court erred in allowing an injunction upon the allegations contained in the bill, and that the order and decree of the court below, should be reversed.

*Williamson & Nourse*, for the appellee, cited no authorities.

STOCKTON, J.—The injunction in this case was improperly granted, and should be dissolved.

The complainant states that the petition is filed by him as administrator of his deceased wife.   As such administrator, he clearly had no right to the injunction.   The property advertised to be sold, descended, at the death of the wife, to her heirs.   The petitioner does not claim to be an heir, or to have any interest in the property.   The injunc-

tion is claimed by him as administrator; and, as such, he was not entitled to it, without showing that, at the death of the wife, some interest in the premises descended to himself.

But, admitting the interest of the complainant, as heir of his deceased wife, no reason is shown why an injunction should have been granted to restrain the defendants from selling the property, except as to the sum of five hundred and ninety-eight dollars. That is all that complainant claims to have paid. The remainder of the debt is admitted to be due, and as to so much as is so admitted, no injunction should have been granted.

The order of the district court allowing the injunction, will be reversed, with leave to complainant, if he desires it, to amend his petition.

Judgment reversed.