Morrison *et al.* v. Hershire, Treasurer.

1. Corporation muncipal: STREETS: COLLECTION OF SPECIAL TAXES. By chapter 14, acts 13th General Assembly, muncipal corporations organized under chapter 51 of the Revision are authorized to certify special assessments or taxes levied upon lots for the purpose of improving the streets in front thereof, to the county auditor, to be collected and paid over by the treasurer the same as other taxes are; and to this end the treasurer is empowered in case of non-payment to sell the lots on which such assessments are made the same as other property is sold for the non-payment of taxes.

2. ——ACT OF 1870. Chapter 65, acts of the 13th General Assembly, was not intended as a limitation upon the power conferred by said chapter 51 of the Revision as to the manner of levying such special taxes. It is according *held*, that the assessment and levy might be made under the authority of a resolution of the city council as well as by an ordinance thereof.

3. ——IMPROVEMENT OF STREETS. The city may, in the exercise of a proper discretion, authorize the grading and macadamizing of less than the whole width of a street, and assess the cost thereof on the abutting lots.

4. ——LOTS HAVING DOUBLE FRONTAGE. A corner lot, having a double frontage, may be properly assessed for the cost of improving the streets the entire extent thereof.

5. ——But even if such assessment were, as to one of the fronts, unauthorized, a court of equity would not restrain the collection of the amount assessed, nor grant any relief, unless the party complaining pay or tender the portion legally due.

| | |
|---|---|
| 32 | 271 |
| 84 | 270 |
| 32 | 271 |
| 87 | 346 |
| 32 | 271 |
| 88 | 294 |
| 32 | 271 |
| 101 | 423 |
| 32 | 271 |
| 107 | 101 |
| 107 | 103 |
| 32 | 271 |
| f125 | 402 |
| 32 | 271 |
| 134 | 139 |
| 32 | 271 |
| 138 | 368 |
| 32 | 271 |
| 144 | 194 |

*Appeal from Johnson District Court.*

FRIDAY, JULY 28.

ACTION in chancery. The petition sets out that the plaintiffs are residents and property holders of Iowa City; that by certain ordinances and resolutions passed by the council of the city, parts of different streets which are used as a thoroughfare between the railroad depot and the business portion of the city have been improved in a manner therein specified; and that the cost of such improvement has been

assessed upon the lots abutting on the streets so improved as a special tax — each lot being assessed with the cost of the improvement of the street adjacent thereto. The plaintiffs, separately, are the owners of such lots. The special tax so levied has been returned to the proper county officer who has placed it upon the county tax books which have been delivered to defendant, who is the county treasurer, for collection. The plaintiffs set out the ordinances and resolutions under which the special tax was levied, which they claim do not sufficiently comply with the law of the State conferring authority upon the city, and they therefore charge that the assessment of the tax is illegal and void. Certain irregularities and the want of compliance with the ordinances and resolutions of the city, relating to such special assessments, are claimed to exist which invalidate the tax in question. The defendant, it is averred, is about to enforce the collection of the tax by the sale of plaintiffs' property. A demurrer to the petition was sustained. Plaintiffs appeal. The facts necessary to an understanding of the points ruled are found in the opinion.

*Gaston & Williams* for the appellants.

*Clark & Haddock* and *Edmonds & Ransom* for the appellee.

BECK, J. — I. Incorporated cities and towns are empowered by chapter 137, acts seventh General Assembly 1. CORPORA-TION MUNICI-PAL: streets: collection of special taxes. (Rev. 1860, ch. 51), to improve the streets within their limits, and to collect the costs of such improvements by assessments against the owners of the lots through or by which the streets so improved pass. The expenses of the improvements are made liens upon the lots, which are to be enforced by proper action authorized for their collection. Rev., §§ 1064, 1068, 1069. It is provided that "each municipal corporation may, by a general by-law or ordinance, prescribe the

mode in which the charge on the respective owners of lots or lands, and on the lots or lands, shall be assessed and determined." Rev., § 1068.

Chapter 65, acts thirteenth General Assembly, empowers cities and towns, whether organized under special charter or under chapter 51 of the Revision of 1860, " to provide *by ordinance* for the grading, paving or macadamizing of any street, avenue or alley, or any part of the same," * * * and bestows upon them "full power and authority to provide, *by ordinance*, for the levy of a special tax upon the lots, parcels of ground, or any part of either of the same fronting upon, or lying along, the street, avenue or alley, which is improved or to be improved under the powers herein conferred, for the purpose of paying the expenses of the improvement."

An ordinance of the city council of Iowa City, passed April 25, 1870, provides, that the council may, by resolution concurred in by two-thirds of its members, provide and direct for the grading and improvement of any of the streets of the city, prescribing thereby the character of the improvement, work to be done, etc., and whether the whole or a part of the cost of the improvement shall be assessed against the owners of the adjacent property. The ordinance further directs that whenever the improvement shall have been required by resolution to be done at the expense of adjacent property owners, and proper report is made thereof to the city council, it shall assess the proper amounts to the several owners of the property abutting on the street. The amount so assessed, it is provided, shall be a lien upon the property and be recovered by action in the name of the city. A subsequent ordinance, passed August 5, 1870, provides that the assessments, made under the first ordinance, shall be certified to the county auditor and collected and paid over by the county treasurer in the same manner as city taxes. It is provided that this ordinance shall be applicable to assessments for improvements

before made under authority of the city at the expense of adjacent property owners. Both of these ordinances (the last one in express terms) contemplate the sale of the property by the county treasurer for taxes, as but an additional remedy to enforce the payment for the improvements; the remedy by action being also recognized.

A resolution of the council of May 9, 1870, directed the improvements of the street in question at the expense of the abutting lot owners. The report required by the first ordinance was made August 30, 1871, and the council adopted a resolution assessing the costs of the improvement to the several lot owners in accordance with the prior resolution and the ordinance above referred to.

The objections, as set out in plaintiffs' petition, to the proceedings of the city, are founded upon the fact that the assessments and the improvements were made under a resolution of the city council, and not by ordinance, as provided for by chapter 65, acts thirteenth General Assembly; and also upon irregularities in the acts of the city, under the ordinances and resolution pertaining to the improvement and assessment. It is not expressly denied in the petition that if proper legislation had been had by the city council the property could be sold by the county treasurer, but an objection, founded upon the denial of such power, is made upon the argument. The question thus raised we will first briefly consider.

Chapter 14, acts thirteenth General Assembly, authorizes municipal corporations organized under chapter 51 of the Revision of 1860, to cause " delinquent charges, assessments and taxes made and levied under and by virtue of and for the purposes specified in sections 1068, 1069 and 1070 of the Revision of 1860, or ' referred to therein,' to be certified to the county auditor, to be collected and paid over by the county treasurer ' in the same manner as taxes are authorized to be certified, collected and paid over, by section 3, chapter 25, laws of tenth General Assembly.' "

This section directs that municipal taxes, being certified to the proper county officer and placed upon the county tax books, shall be collected as other taxes, and property sold therefor. In other words, after the entering of the municipal taxes upon the county tax books, sales are made therefor as though they were a part of the county taxes. The provision of chapter 14, acts 13th General Assembly, just quoted, directs that municipal charges and assessments shall be collected as provided by this section, that is, by a sale of the lands whereon the charges or assessments are levied. Here we have direct legislative authority for the sale of plaintiffs' land by the county treasurer for the assessments described in the petition.

II. Plaintiffs insist that the assessment of the special tax is invalid, because it was not made by ordinance. Their view is that chapter 65, acts thirteenth General Assembly, limited and restricted the power conferred by the Revision upon cities to levy such special taxes. They concede, that such power existed under the Revision without limitation as to the manner of its exercise. But they insist that this power, under chapter 65, acts thirteenth General Assembly, must be exercised under an ordinance of the legislative authority of the city, and is thus far restricted and limited. In our opinion this act does not repeal nor supersede the provisions of the Revision upon the same subject. There is no repugnance between the two enactments, neither is the first repealed either by express words or by implication. By the last act the power in question is granted to cities whose charters fail to confer it. By no proper rule of construction will it bear an interpretation which, in effect, modifies or restricts the power possessed by other cities. The power was conferred upon Iowa City by chapter 51 of the Revision. It is admitted that if the authority was exercised in the case before us, under that chapter, there has been a substantial compliance with its provisions. As we have seen that the

law of the Revision has not been repealed or superseded, it follows that the assessments were properly made by the city.

III. Another question of more difficulty is presented and discussed by counsel. It is this: Has the city power 3. —— improve- to grade and macadamize less than the whole
ment of
streets.          width of the streets? In the case before us, a roadway eighteen feet wide was constructed. The plaintiffs insist that this is unauthorized and the acts of the city, assessing them with the costs of the improvement, are therefore void.

The character and extent of the improvement of streets are left to the discretion of the city authorities. This discretion, however, is not arbitrary and irresponsible, but must be exercised with due regard to the interest of the public, and without wanton oppression to individuals. Within these bounds, however, the city authorities are free to determine all matters pertaining to the improvement. If, in the exercise of such a discretion, they decide that the public good requires less than the whole width of the street to be graded and macadamized, and it is not shown to be to the injury or oppression of the owners of property adjacent thereto, we know of no grounds upon which their action can be held void. In this case, it is not shown that plaintiffs were injured by the improvement; it must be presumed that, as the expense was less than it would have been had the improvements extended the whole width of the street, plaintiffs are really favored by the city so limiting the work, and consequently diminishing the expense incurred thereby.

IV. But it is insisted that the improvement, as made, is less valuable to plaintiffs than it would have been had it covered the whole width of the street. The power of the city to perform the work does not depend upon benefits to be derived by property owners. See *Warren* v. *Henley et al.*, 31 Iowa, 31. The work is done for the benefit of

the public; the assessment for its payment is levied upon the abutting lots, not because of any special benefits their owners derive from the improvement, but because the public good demands it, and the law authorizes special taxation for such objects.

V. The ordinance and resolution of the city council, under which the improvement was made and the assessment levied, provides that such assessment shall

4.——lots hav- double front- age. be upon each lot, in proportion to its frontage upon the street improved. The petition alleges that the rule thus adopted was disregarded by the city council, and the assessments were levied unequally, "willfully and without regard to law." It is also alleged that the lots of certain plaintiffs are twice assessed in this manner: These lots are corner lots; the streets improved pass their sides and ends, which are measured, and the distance thus ascertained is reckoned as their frontage. It is claimed that these lots are thus subject to double assessment.

An elementary principle of equity is applicable to the objections here presented. It is not denied that under the rule of assessment as fixed by the council, if applied as contended for by plaintiffs, certain sums are due from the lot owners which are charges upon their lots. These sums the respective plaintiffs are bound by law and in equity to pay. Before plaintiffs can claim relief as to the sums which they insist are over-assessed upon their property, they must pay or offer to pay the sums lawfully and justly due, according to their own theory of the assessment; for he who seeks equity must do equity; but this plaintiffs have not done.

It clearly appears from the petition that all of the plaintiffs do not complain of the amounts assessed to their property, and from the nature of the case some (the number cannot be known from the record) are not over-assessed, and cannot complain of the double assessment. These parties of course cannot ask, and do not claim as we under-

stand the petition, that the assessment be set aside for the reasons we are now considering. The whole assessment, therefore, cannot be annulled on account of irregularity in the case of a part of the lots burdened therewith. Yet, this is the only relief claimed in the petition. If it could be granted in a proper proceeding, the petition is not so framed and does not contain sufficient data to enable us to grant relief to those over-assessed and distribute among the other plaintiffs the amounts improperly assessed to them. For this reason, among others, the assessment cannot be disturbed in this action.

We understand that it is a settled rule in equity that where a party is in conscience bound to pay a certain sum of money which, together with an amount that he is not legally bound to pay, is brought as a legal claim against him, equity will not restrain the collection of the whole, unless he pay or offer to pay, by tender, the sum which he justly and legally owes. *Stringham, adm'r, v. Brown,* 7 Iowa, 33; *Sloan v. Coolbaugh,* 10 id. 31; *Casady et ux. v. Bosler et al.,* 11 id. 342; *Stanley v. Gadsby,* 10 Pet. 521; *Brent, survivor, etc., v. Bank of Washington,* id. 596; *The City of Annapolis et al. v. Gilmore et al.,* 30 Ind. 415.

This doctrine, based upon the maxim above stated, is peculiarly applicable to this case. The plaintiffs separately owe sums of money, which are charges upon their several lots. It is insisted that, on account of irregularity in the assessments, certain of the plaintiffs are charged with an undue proportion of the whole sum. The plaintiffs do not ask that the assessments be equalized among them, nor do they furnish to the court sufficient data that this may be done, but ask that the whole assessment be annulled for the alleged irregularity, without paying or making tender of the sum justly due from them. It is clear that, in this action, plaintiffs cannot be relieved from the alleged over-assessment. It would be an extremely unsafe rule, and subject the government of the city to such control as to

defeat its operations, to hold that, for mere irregularities in the levy and apportionment of its taxes, the collecting of its revenue could be enjoined by its tax payers. Yet this would be the effect of the doctrine contended for by plaintiffs.

The objection made, that a part of the plaintiffs are subjected to double assessments upon their lots, which is in violation of the rule adopted by the ordinance and resolution of the city council, does not appear to be supported by the facts. The rule adopted by the council is, that the cost of the work should be levied upon the lots in proportion to their frontage upon the streets improved. Some of them are corner lots, and are so situated that the streets bounding each one of them upon its end and side are improved. These lots, in fact, front on two streets— have a double frontage, and are, therefore, properly so assessed. *City of Des Moines* v. *Dorr*, 31 Iowa, 89.

We should have before remarked, that all of the objections considered in this division of our opinion are not directed at the power of the city to make the assessment, but are simply based upon alleged irregularities in the exercise of power. The relief asked is not the correction of these irregularities or effects following them, but that the acts of the city, in the execution of its lawfully conferred power, on account of these irregularities, be annulled and held for naught. We know of no principle of law that will permit this to be done.

In our opinion the demurrer of defendants to the petition was properly sustained.

Affirmed.

A rehearing was allowed in this case, and it was again argued. Upon a reconsideration the conclusions of the foregoing opinion are adhered to, the court resting upon the discussion thereof above appearing.

MILLER, J., dissenting.