## BYERS v. ODELL.

1. **Equity**: ACTION TO SET ASIDE JUDGMENT: PRACTICE. An action in equity to set aside and cancel a judgment against the plaintiff as void for want of jurisdiction cannot be maintained where the petition shows that the claim upon which the judgment was rendered was just in part, and no offer to pay such part is made.

2. **Pleading**: ACTION TO SET ASIDE JUDGMENT. A pleading attacking a judgment as excessive must state the facts relied upon to establish such claim. A general averment of excess is not sufficient.

*Appeal from Wayne District Court.*

TUESDAY, OCTOBER 18.

THIS is an action in equity, the object of which is to set aside a judgment and decree of foreclosure of a mortgage, and a sheriff's sale of real estate thereunder, upon the alleged ground that the judgment and decree are void for want of jurisdiction in the court in which the same were rendered. A demurrer to the petition was sustained, and plaintiff appeals.

*Freeland & Miles*, for appellant.

*J. C. Mitchell* and *Stuart Bros.*, for appellee.

ROTHROCK, J.—I. It appears by the averments of the petition that the judgment and decree " were decided, rendered, ordered, signed and filed, in and during a vacation of said court, and not during a term (either regular or special) of said court, and that said proceedings were had and done in vacation without any agreement, consent or knowledge of this plaintiff, nor of any attorney or other person acting for the plaintiff " It is further averred that the judgment was excessive, being for $2,057.71, whereas the total sum was but $1,963.86. Upon these grounds it is asked that the judgment, decree and foreclosure sale be declared void.

1. EQUITY: action to set aside judgment: practice.

By section 183 of the Code, it is provided that causes may, with the consent of the parties, be decided, and the decision entered, in vacation.   Whether such proceedings in vacation, without consent of the parties, are void or are merely irregular we need not now determine.   It appears from the averments of this petition that at the time the judgment and decree were rendered the plaintiff herein was justly indebted to the defendant in the sum of $1,963.86.   He makes no tender nor offer to pay this amount, nor to allow judgment and decree to be now entered for that sum.   He can have no standing in a court of equity without an offer at least to do equity. *Morrison v. Hershire,* 32 Iowa, 271; *Sloan v. Coolbaugh,* 10 Id., 31.   And this rule is applicable as well where the judgment from which relief is sought is void for want of jurisdiction as where it is claimed to be irregular or erroneous only. *Parsons v. Nutting et al.,* 45 Iowa, 404.

II.   The averment that the judgment is excessive is too general as the basis of a claim for relief.   The petition should

2. PLEADING: action to set aside judgment.

have averred facts from which it would have appeared by computation that the amount of the judgment was in excess of the amount due on the note and mortgage.   Besides, the plaintiff does not by this action seek to correct the judgment.   He claims that it is wholly void.   We do not determine whether or not an excessive judgment can be corrected by an original action.   It would seem that a more appropriate remedy would be by motion made in the court rendering the same, or possibly by an appeal.

AFFIRMED.