## COATES ET AL. v. THE CITY OF DUBUQUE.

1. **Cities and Towns:** RENEWAL OF STREET PAVING: LIABILITY OF LOT OWNERS: DISCRETION OF COUNCIL: COLLUSION WITH STREET RAILWAY COMPANY. Where the paving of a city street becomes worn out, it may be renewed at the expense of the owners of abutting lots; and the question whether such renewal is demanded for the public good is to be determined by the city council, and their determination is conclusive, except for want of authority, or for fraud or oppression. (See opinion for authorities.) In this case the allegations of collusion between the council and the street railway company, and that the improvement was made for the accommodation of the company, and not for the good of the public, *held* not sustained by the evidence. (See opinion.)

2. ———: CHANGE OF GRADE OF STREET: WHAT IS NOT: DAMAGES. Where in repairing a street the face of the street at the curb was made a few inches lower than before, but the level of the curb was not changed, *held* that there was no change of grade entitling abutting lot owners to damages.

*Appeal from Dubuque Circuit Court.*

TUESDAY, APRIL 20.

THIS is an action in chancery, brought by the owners of certain real property abutting on Main street, in the city of Dubuque, by which they seek to enjoin the city from collecting certain taxes which are levied upon said property to pay for certain grading, curbing and macadamizing upon the street. There was a decree for the plaintiffs, and defendant appeals.

*D. J. Linehan,* for appellant.

*E. McCeney* and *R. W. Stewart,* for appellees.

ROTHROCK, J.—The improvement which is the subject of controversy was made upon Main street, from First to Eighth street. Main street is the principal business street of the

city. In 1854 the city improved the street by macadamizing the same, and assessed one-half of the expense thereof to the owners of the abutting property. No other assessments were made against the owners of said property for improvements of the street until that of which plaintiffs now complain. In 1867 the city council authorized the Dubuque Street Railway Company to construct a line of railway upon Main street. A single track of street railway was constructed in the center of the street, which was used and operated as such, and without any additional track, until 1884. In 1883, upon application of the street railway company, the city authorized it to lay down and operate an additional railroad track upon the street. Certain negotiations were had between the railroad company and the city council with reference to the expense which would necessarily be incurred in preparing the street for the additional track, and it was agreed that the railway company should pay one-half of such expense. Afterwards, and because the city council desired a change to be made in the surface of the center of the street, and the whole width of it macadamized anew, differences arose between the parties as to the amount to be paid by the railway company, in view of an improvement of the street costing greatly in excess of the improvements first contemplated. It was finally agreed that the railroad company should pay one-third of the whole expense, and that nearly all of the balance should be assessed against the property abutting on the street. It is this assessment of which the plaintiffs complain, and the ground of their complaint is that the new improvement of the street was not necessary for the public use, and that it was made in the interest and for the benefit of the street railway company, to enable it to properly construct and operate double tracks upon the street.

It is not questioned by plaintiffs' counsel that the power to make improvements in streets at the expense of the prop-

*1. CITIES and towns: renewal of street paving: liability of lot owners: discretion of council: collusion with street railway company.* erty owners is a continuing one, and that, where an improvement, such as paving or macadamizing, becomes worn out, it may be renewed at the expense of the owners of abutting property. On this subject, see 2 Dill. Mun. Corp., §§ 686, 670, and *Koons v. Lucas*, 52 Iowa, 180, and the question whether an improvement is demanded by the public wants or necessity is to be determined by the city council, and their determination is conclusive, except for want of authority or for fraud or oppression. *Morrison v. Hershire*, 32 Iowa, 271; *City of Burlington v. Quick*, 47 Id., 222; *Brewster v. City of Davenport*, 51 Id., 427.

It is unnecessary that we should set out the ordinances and resolutions of the city council under which these assessments were made. It is sufficient to say that they fully authorized the council to proceed as it did, from the order for the improvement up to making the assessment, and there can be no question that the city had the power to improve the streets at the expense of the property owners.

The only question which it appears to us necessary to consider is, whether, by fraud and collusion between the city *2. ———: change of grade of street: what is not: damages.* council and the railroad company, this improvement was made, not in the interest of the public, but for the benefit of said company. Upon this question there is very little conflict in the evidence. The original improvement was made thirty years before it was renewed by that now in controversy, and the evidence shows, by an overwhelming preponderance, that not only a renewal of the macadam was proper and necessary, but that the contour of the street required certain modifications for the convenience of travel and traffic upon the street. As originally constructed, the street was raised in the center, and sloped downward to the gutters on the sides. Owing to the constant travel and heavy traffic with teams, and to the disturbance of the macadam in places by the laying and repairing of steam and gas pipes, the street required frequent

Coates et al. v. The City of Dubuque.

repairs. It became very uneven on the surface, and the slope from the center was so considerable as to seriously interfere with the driving of vehicles in the gutters. By the new improvement the surface of the street was leveled down or flattened, so that vehicles can conveniently and safely be driven along the street from curb to curb, thus very greatly improving the facilities for travel. The new macadam was put down in the most approved and substantial manner. There is no evidence that there was any collusion between the city council and the railroad company. On the contrary, the evidence shows quite satisfactorily that the company neither asked nor desired that the surface of the street be put down nearly on a level; and it appears that the improvement had been in contemplation by the city council long before any application was made by the railroad company for the privilege of constructing an additional track.

The plaintiffs claim that the alteration in the surface of the street was a change in the established grade, and was unlawful, because no offer has been made to compensate them for their damages consequent upon the change of grade. We think there was no change of grade. While it is true that the surface of the street at the curb is a few inches lower than it was before the improvement, the new curb is on the same level as the old, and some of the plaintiffs testify, and the evidence altogether is to the effect, that the change is no injury to the property of the plaintiffs. Indeed, the preponderance of the evidence is that the change in the surface of the street is a positive benefit to the abutting property.

We can discover no grounds for holding that these assessments are illegal, and we think the decree of the court below must be

REVERSED.