TIMOTHY BROWN, Appellant, v. GEORGE BARSTOW *et al.*, Appellees.

Streets: LOCATION OF CROSSINGS: RIGHT OF CITY TO DETERMINE. It is the right of a city council to use its discretion in constructing street crossings at such places as it may determine; and where it appeared that, on account of a jog in a street where it intersected another street, a crossing in course of construction at right angles over the intersected street would terminate at one end opposite an improved lot, and some feet from the corner thereof, *held*, that, the owner could not enjoin its construction, and demand that it should be built diagonally, so as to terminate at the corner of his lot; and that no formal action on the part of the city, authorizing the construction of such crossing, was necessary.

*Appeal from Marshall District Court.*—HON. J. L. STEVENS, Judge.

FRIDAY, JANUARY 27, 1893.

THIS is an action in equity, by which the plaintiff seeks to enjoin the defendants, the city of Marshalltown and George Barstow, street commissioner, from constructing a crossing over Main street, in said city. A temporary injunction was granted, without notice, at

the commencement of this suit. An answer was filed
by the said city, and at the same time a motion was filed ·
to dissolve the temporary injunction. The motion was
supported by affidavits, and the plaintiff filed cross
affidavits. The motion was submitted to the court,
and an order was made dissolving the temporary
injunction. The plaintiff appeals.—*Affirmed*.

*Brown & Miller*, for appellant.

*B. F. Cummins*, for appellee.

ROTHROCK, J.—The plaintiff resides on the south
side of Main street, in Marshalltown. The land upon
which his residence is situated consists of three contig-
uous lots on the corner of Main street and Fourth
avenue. These streets cross each other, but there is a
jog or offset, in Fourth avenue. It forms a junction
with Main street, on the north side, in such a
way that its east line, extended from the north
across Main street, intersects the south line of Main
street about thirty feet east of the corner of Fourth
avenue and Main street, on the south side. As we
understand it, neither of said streets is paved. The
street commissioner of said city was engaged in con-
structing a street crossing across Main street, on a line
with the east side of Fourth avenue, from the point of
intersection from the north. This would make the
crossing on the south side thirty feet east of the east
line of South Fourth avenue. The plaintiff improved
the grounds upon which his residence is situated a
number of years since, and made a home which is worth
many thousands of dollars. In making the improve-
ment he availed himself of the provisions of the city
ordinance, and in accordance therewith he planted a
line of shade trees ten feet from the line of his lot, and
in the street. A curb line was established still further
out in the street, and the plaintiff set plank curbing,

and filled in the space between the street and the sidewalk with earth, and made a park or grass plat from the curb line to the sidewalk. His complaint is that, as his grounds are not enclosed by a fence, a street crossing abutting against the grass plat, thirty feet from the corner, will not only destroy the grass in the narrow park, but will induce travel across the corner of his grounds as a short cut, and that the making of said crossing will destroy one of his shade trees. In the order dissolving the injunction, provision was made that the shade trees should not be destroyed.

The plaintiff insists that, if any crossing is made, it should be constructed diagonally across the street, so as to intersect the street at the corner. It appears to us that the location of the crossing was a matter within the discretion of the city council, and that courts can not interfere with or control that discretion, except in case of want of authority, or for fraud or oppression; and it is within the discretion of the city council to determine when, and at what points, street crossings shall be constructed. *Morrison v. Hershire*, 32 Iowa, 271; *City of Burlington v. Quick*, 47 Iowa, 222; *Brewster v. City of Davenport*, 51 Iowa, 427; *Coates v. City of Dubuque*, 68 Iowa, 550. The fee title in the land in the street is in the city, and it has the right to devote the whole width of it to public travel. But where a policy is adopted by which part of the width of residence streets, outside of the sidewalk, is devoted to parks or grass plats or shade trees, and property owners improve their property and locate their buildings with reference thereto, it may be that there is a right in the owners of property to insist on maintaining that policy. But we have no such question in this case. It is the right of the city council to use its discretion in constructing street crossings at such places as they may determine. In case of a long block, we think this right to make crossings may not be restricted to the intersection of

streets. In the case at bar, we think it was the right of the city to construct the crossing across the curb line, and over the grass plat to the sidewalk. By so doing there would be a walk over the grass plat in the street, and it may be travelers would be inclined to cross over the corner of plaintiff's grounds. But that could be prevented by the erection of a light barrier around the corner. We discover no ground for holding that the city council abused the discretion reposed in it, or that the members thereof were actuated by any but proper motives.

It appears that the crossing was in course of construction in pursuance of a resolution of the city council. There is evidence from which it appears that the word "west" was intended in the resolution, instead of "east," so that the crossing would be on the other side of Fourth avenue. The word was afterward changed by the city recorder. The question is made by the appellant that no resolution was passed, authorizing the crossing now in question. The fact is that the city, by its officer, was actually engaged in constructing the crossing when the injunction was issued. There is no formal action necessary to authorize the construction of street crossings, and the fact that the city, by its answer and motion to dissolve the injunction, asserted the right to make the crossing, is a sufficient showing that the act complained of was authorized by the city council.

This disposition of the case renders it unnecessary to determine other questions discussed by counsel. The order dissolving the injunction is AFFIRMED.