J. J. RICHARDSON AND OTHERS, Appellees, v. GEORGE W. ROBERTS AND OTHERS, Appellants.

**Action to restrain the sale of land:** DENIAL OF RELIEF: EQUITY. Where the plaintiff in an action to restrain the sale of land under a judgment against his vendor, admits by demurring to the answer that in purchasing the land he assumed to pay the judgment and retained from the purchase price a sum sufficient for that purpose, but failed to pay the judgment, though still retaining the money, he will be denied affirmative relief, under the rule that he who asks equity must be willing to do equity.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

FRIDAY, FEBRUARY 18, 1910.

ACTION in equity to restrain sheriff's sale of land. The material facts of the case are stated in the opinion. *Reversed.*

*C. A. Robins,* for appellants.

*D. H. Miller,* for appellees.

WEAVER, J.—The plaintiffs allege that prior to the commencement of this action they sold and conveyed a certain tract of land to one Thurtle by deed with the usual

covenants of warranty, and that Thurtle has since conveyed it to one Grimes; that the defendant Roberts, having obtained a judgment against one McNamara, who was plaintiffs' grantor, and claiming that said judgment is a lien on said land, has caused execution to issue and to be levied thereon, and is threatening to subject the same to sheriff's sale for the satisfaction of said judgment debt. But plaintiffs allege that said judgment is not a lien on the land, nor is said property legally liable to be subjected to its payment, and therefore, in order to prevent a cloud upon the title to said property and to make good their warranty of said title, they ask that the threatened sale under said execution be enjoined. The answer, with its several amendments, pleads in substance as follows: That the plaintiff J. J. Richardson took his title to said land from Michael McNamara on January 12, 1905, and that prior therto, on May 16, 1904, the defendants' judgment had become a lien on said land, and the same has never been discharged or removed. In a second count of their answer defendants allege that at the time Richardson took title from McNamara the land was subject to a decree foreclosing a mortgage thereon in favor of the plaintiff Richardson, and to an outstanding certificate of sheriff's sale under an execution upon another judgment against McNamara in favor of one McCall, both of which were prior to the lien of defendants' judgment; that in purchasing said land, and as a part of the purchase price thereof, said Richardson assumed and agreed to pay both the judgment debt to McCall and defendants'. judgment, and, although he retained a sufficient sum from said purchase price to satisfy and discharge said liens, he has never paid or satisfied defendants' judgment, but to avoid said obligation and eliminate defendants' lien he has caused a sheriff's deed to issue upon the sale of the said land under the McCall judgment to his agent and representative, M. N. Richardson, who took the title so acquired for

plaintiffs' benefit. To this answer the plaintiffs demurred on the general ground that the pleading does not state facts constituting any defense to plaintiffs' cause of action. The demurrer was sustained, a decree entered as prayed by the plaintiffs, and defendants appeal.

Asuuming, as we must, that J. J. Richardson, in purchasing the land in question, undertook the payment of the defendants' judgment and retained from the purchase price a sum sufficient to satisfy the same, we think the demurrer should have been overruled. The case as made by the record and as presented by the arguments of counsel presents for consideration only the relative rights and equities of the plaintiff J. J. Richardson and the defendant Roberts. Richardson is the party who invokes in his behalf the aid of a court of equity. It is an ancient and sound maxim that he who asks equity must be willing to do equity. The demurrer admits that in purchasing the land in question he deducted from the purchase price and still holds in his hands the money with which to pay the defendants' judgment; and without regard to the question whether as a matter of technical right the conveyance to him operated as a merger of the prior liens in his title, or whether the claim against him is one which might be enforced at law as for a debt or for money had and received, we think there is no rule of equity which will grant him affirmative relief against said judgment while he holds in his hands the money with which to pay it and fails and neglects so to do. See Bispham's Equity, section 43; *Morrison v. Hershire,* 32 Iowa, 271; *Kagy v. Ind. Dist.,* 117 Iowa, 694.

The decree in plaintiffs' favor will therefore be reversed, and the cause remanded for further proceedings in harmony with this opinion. *Reversed.*