H. E. MYRAH, Appellant, v. H. W. DANA, County Treasurer, et al., Appellees.

**MUNICIPAL CORPORATIONS:** Street Improvements—Excessive Assessment—Appeal as Exclusive Remedy. Principle recognized that an excessive assessment for a street improvement must be met by an application to the city council for a reduction, and by an appeal, in case the reduction is refused.

**MUNICIPAL CORPORATIONS:** Street Improvements and Sewers— Excessive Assessment—Injunction as Remedy—Failure to Do Equity. Injunction will not lie to enjoin an excessive assessment (assuming, arguendo, that such remedy is allowable under any such circumstances) when the plaintiff neither pays nor tenders the amount of the assessment *less the excess.*

Headnote 1:  28 Cyc. p. 1187.  Headnote 2:  28 Cyc. p. 1187.

*Appeal from Story District Court.*—G. D. THOMPSON, Judge.

MARCH 17, 1925.

ACTION to enjoin the defendant town and the county treasurer from collecting special assessment for sewer laid by the defendant town. From an adverse ruling on demurrer, the plaintiff appeals.—*Affirmed.*

*H. E. Hadley* and *Fred E. Hansen,* for appellant.

*Addison & Smedal,* for appellees.

ALBERT, J.—On the 30th day of December, 1920, the defendant town levied special assessments against the property of plaintiff, as follows: On four lots, $175 each; on two lots, $87.50 each. This was on account of a sanitary sewer

1. MUNICIPAL COR-
PORATIONS:
street improve-
ments: excessive
assessment: ap-
peal as exclusive
remedy.

and disposal plant constructed by the defendant town.

The plaintiff brings this action to enjoin the town and county treasurer, to whom said taxes were certified, from collecting the same, bottoming his right thereon on the allegation that the said special assessments are wholly void and of no effect.

These four lots, against which the assessment of $175 per lot was levied, vary in width from 60 to 70 feet; and it is claimed that the assessment is void because of the statute hereinafter referred to. Plaintiff prays that said assessment be declared void and of no effect, and that he may have an injunction against the treasurer, preventing the sale of said property for taxes.

Plaintiff has paid no part of these taxes, and makes no tender of what he admits to be the amount that should be assessed against said property.

To the petition setting up these facts, a demurrer was sustained, on which ruling the plaintiff stood when plaintiff's petition was dismissed. The statute involved is Section 819 of the Code of 1897, which, so far as material, reads as follows:

"The cost, or any part thereof, of making or reconstructing sewers, including that provided for in the second preceding section, may be paid from the district sewer fund * * * and the portion thereof not so paid, and not in excess of three dollars per linear foot of sewer, shall be assessed against the property abutting on such sewer in proportion to the number of linear front feet of each parcel thereof, and upon adjacent property in proportion to the benefit thereto * * *."

It will be noted that these four lots against which the $175 per lot is assessed, vary in size, the narrowest lot being 60 feet, and the widest being 70 feet in width; and plaintiff's contention is that the largest amount that could be assessed against the

widest of these lots is $105, and against the narrowest, $90. This amount is arrived at by a construction of the aforesaid statute, wherein the proposed assessment must not exceed $3.00 per linear foot on the sewer, and by dividing this between the corresponding front feet of the adjoining lot on either side of the street, which would make $1.50 per front foot.

We have repeatedly held that, where an assessment is made for public improvements with a levy larger than the amount provided for by statute, the assessment is excessive, and the remedy of the party is by objection to the assessment before the governing body and appeal from an adverse ruling therein; and have said that, under such circumstances, injunctive remedy will not lie. This is well illustrated by the case of *Evans v. City of Des Moines*, 184 Iowa 945, where this line of cases is cited. It is thought, however, to distinguish between that line of cases and the present case, in that in that line of cases the question of benefits was involved, and in some instances the limitation was to be measured by the value of the property, hence making a fact question for the determining body to pass upon; and, if the governing body erred, in making the assessment too large, it is purely a question of excessive assessment, and is to be reached by appeal. But in the present case, the statutory provisions fix a definite amount in dollars and cents, and nothing is left for the governing body but a mathematical calculation. Hence it is claimed that the aforesaid line of cases does not govern in the present instance.

There are some underlying principles of equity which do govern this case which seem to have been overlooked by the appellant. Under the contention that he makes, he does, or must, admit that his property is assessable to the extent of $1.50 per front foot. He might have paid this $1.50 per front foot and resisted the collection of the balance; or he might have tendered it, and then sought injunction for the amount in excess of $1.50; but, so long as he did neither, he violates the rule that "he who seeks equity must do equity." He does not ask to have the amount in excess of $1.50 per front foot held void, but asks that the whole assessment be set aside and held for naught. He was not entitled to

2. MUNICIPAL CORPORATIONS: street improvements and sewers: excessive assessment: injunction as remedy: failure to do equity.

this relief, under the pleading, and the demurrer was, therefore, properly sustained.

Whether plaintiff is entitled to another and different remedy is not before the court. All we determine herein is that he is not entitled to the injunctive remedy, under his pleading. *Reed v. City of Cedar Rapids,* 138 Iowa 366; *Morrison v. Hershire,* 32 Iowa 271; *Stringham v. Brown,* 7 Iowa 33; *Sloan v. Coolbaugh,* 10 Iowa 31; *Casady v. Bosler,* 11 Iowa 242; *Byers v. Odell,* 56 Iowa 618; *Allen v. City of Davenport,* 107 Iowa 90; *Fisk v. City of Keokuk,* 144 Iowa 187; *Richardson v. Roberts,* 148 Iowa 345; 32 Corpus Juris 333.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.