Freeman v. Fleming.

FREEMAN *v.* FLEMING.

A plea of tender, after suit brought, which does not include the costs which had then accrued, is fatally defective.

Where a defendant in an action, pleaded a tender of a certain sum, which he alleged he brought into court, but which, in fact, was never paid into court, upon which plea, the plaintiff took issue; and where before proceeding to trial, the court informed the defendant's counsel, that unless the money was paid into court, the defendant would not be permitted to give evidence under the plea of tender; and where the defendant did not pay the money into court, but at the proper time, offered his testimony under the plea of tender, to which the plaintiff objected, and the objection was sustained by the court; and where the defendant thereupon orally offered to pay the plaintiff the amount ten-dered, if he would accept it, which the plaintiff refused, but the de-

fendant still did not pay the money to the clerk, and his testimony upon the tender was ruled out; *Held*, That the court properly rejected the testimony.

Several grounds of defence, should be pleaded in separate counts.

Matters of set-off, should be pleaded entirely separate from matters of defence.

*Appeal from the Johnson District Court.*

SATURDAY, JANUARY 16, 1858.

This action was brought to recover one hundred and seventy dollars, and to establish a mechanic's lien on part of lot five in block fifty-eight, in Iowa City, Johnson county, Iowa, and was based upon an alleged contract, that the plaintiff should perform the carpenter's work of building a house on the above lot, for the agreed price of one hundred and sixty dollars, the defendant furnishing the material. The defendant pleaded, *first*, a denial specifically, and *secondly*, a tender of eighty-five dollars, part of the sum claimed, and avers that he brings the same into court. Replication, trial by jury, and verdict for plaintiff, for one hundred and twenty-five dollars. The defendant appeals.

*J. D. Templin & Co.*, for the appellant.

*Clark & Brother*, for the appellee.

WOODWARD, J.— The defendant pleaded a tender of eighty-five dollars, part of plaintiff's claim, and alleges that he brings the same into court. The plaintiff took issue on this part of the answer. The money, however, was not, in fact, paid into court. Before proceeding to trial, the court informed the defendant's counsel, that unless he paid the money into court, the defendant would not be permitted to give evidence under the plea of tender. The party did not pay in the money, but at the proper time, offered his testimony under this plea, to which the plaintiff objected, and the court sustained the

objection; whereupon the defendant, orally, offered to pay the plaintiff the amount tendered, if he would accept it, which the plaintiff refused, but the defendant still did not pay the money to the clerk. Upon this, his testimony upon the tender was ruled out, and he excepted, and now assigns the same as error.

The counsel very sensibly concedes, that with a plea of tender, it is necessary to aver a continued readiness, and to bring the money into court. But he urges that by taking issue on this plea, the plaintiff waives the non-production of the money, or at least cannot object it against the plea, and he refers to *Sheriden* v. *Smith*, 2 Hill, 538. In that case, the money not having been paid in under the plea of tender, and the plaintiff having taken issue, and gone to trial, without making the objection, the court said that he should have disregarded the plea, as it was not accompanied by the money; and that, as he omitted to do so, it might be doubtful whether he could reach the fund, without a special motion to get rid of the proceedings, and thus enable him to take advantage of the defect, as he might have done in the first instance. And the court says: "The effect of not paying the money into court on a plea of tender, is a point of practice to be dealt with summarily, like all questions of that kind." Now, it would seem that the plaintiff, in the case at bar, had conformed with the suggestions of that case precisely. In that, the plaintiff had not only joined issue on the plea of tender, but had gone to trial, and then asked certain directions to the jury, as a consequence of the money not being paid in. The joining issue alone, was not the important matter, but that and going to trial. But in the cause at bar, before going into trial, he moves the court, as a point of practice, for a rule to meet the contingency. And the order taken by the court, was entirely adapted to the case. The renewed tender by defendant in court, to pay the money to the plaintiff, "if he would accept it," did not cover the defect, nor supply the call of the case, at that stage of it. By his plea of tender, he admitted so much to be due the plaintiff,

and the latter was entitled to that amount at all events, but he had a right to aim for more, taking the risk of the costs in case of a failure to recover beyond the amount tendered. In this, therefore, we do not think the court erred. *Johnson* v. *Triggs*, 4 G. Greene, 97.

But there was another, and a fatal objection to the tender. The action was ʳcommenced in January, 1856, and the tender was made in December, after two terms of the court had passed, and yet he did not tender the costs which had then accrued, nor any part thereof—at least, his plea does not allege that he did, nor does it appear in any manner.

This cause yields occasion for the remark, that a much greater degree of distinctness and separateness in pleading, is requisite, than is often manifested in practice. Several grounds of defence, should be pleaded in separate counts. And still more than this; matters of set-off should be pleaded entirely separate from matters of defence. It should be borne in mind, that set-off is not an answer—a defence—to the plaintiff's claim. It is not in any degree, aefence, but is a counter claim—a cross-action—and sa such, should be set forth after, and totally distinct from, the defence to the plaintiff's cause of action.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.