## MOHN v. STONER.

1. TENDER. A tender does not operate as a payment or discharge of the debt admitted to be due.

2. SAME. It is essential to the validity of a tender that the money be brought into court.

3. CASES CITED AND FOLLOWED. *Barker* v. *Brink*, 5 Iowa 481: *Johnson*

v. *Triggs* 4 G. Greene 97; *Freeman* v. *Flemming* 5 Iowa 460, as to the sufficiency and effect of a tender, cited and followed.

*Appeal from Des Moines District Court*

SATURDAY, OCTOBER 6.

REPLEVIN for eight thousand oak staves cut by plaintiff on defendant's land, for which defendant was to be paid five dollars per thousand. Some testimony was introduced at the trial showing a payment of part of the contract price and tending to show a tender of the balance. The court instructed the jury: "If plaintiff offered to pay defendant the amount and defendant refused to receive it, the effect of such refusal would be the same as payment." Defendant asks the following instruction: "There was no tender unless the money so tendered was in court ready to be paid to defendant." This instruction was refused, to which refusal, as also the giving of the previous instruction, defendant excepted and now appeals.

*Hall, Harrington & Hall* for the appellant.

*Browning & Tracy* for the appellee.

WRIGHT, J.—It was said by this court in *Barker* v. *Brink*, 5 Iowa 481, that payment implies an appropriation of that which is offered by one party to the other; while tender is the act of one party in offering that which he admits to be due and owing, but which is not accepted by the other. The tender does not discharge or satisfy the debt, while payment does. And see *Johnson* v. *Triggs*, 4 G. Greene 97, where it is said that a tender does not satisfy the demand, but if kept good, and is sufficient in amount, it stops interest and saves costs. See also *Freeman* v. *Fleming*, 5 Iowa 460.

In *Johnson* v. *Triggs*, *supra*, it is further held that it is essential to the validity of a tender of money, that he who makes it should have the money in court, and that the neces-

sity for this rule is not obviated by the Code. And to the same effect is the case of *Freeman* v. *Fleming, supra.*

Upon the authority of these cases, we conclude that the court erred in giving and refusing these instructions. And as this conclusion disposes of the case in this court, and probably settles the rights of the parties in the present action in the court below, we omit passing upon the other questions made.

Judgment reversed.