CASADY, *et ux*, v. BOSLER, *et al.*

1. INJUNCTION: USURY. A court of equity will interfere by injunction to restrain the execution of a deed of trust executed to secure a debt tainted with usury, only upon condition that the party asking the injunction tenders to defendant the amount admitted to be due on such indebtedness.
2. TENDER. A tender to pay a particular sum without producing the money, under section 1816, Rev. of 1860, must be made in writing.
3. DISSOLVING INJUNCTION. *Shricker* v. *Field,* 9 Iowa 366, as to the discretion exercised by the court below in dissolving or continuing an injunction, cited and followed.

*Appeal from Woodbury District Court.*

THURSDAY, DECEMBER 6.

THE plaintiff seeks to enjoin the sale of certain property under the deeds of trust executed by him, to secure to the defendants two several sums of money, evidenced by promissory notes. The petition sets up a lengthy and detailed account of the transaction in which he alleges the indebtedness arose, showing that the notes secured by the deeds

were tainted with usury; and averring that after purging the transactions detailed of all usury, there remained due to the defendants the sum of $225, which, in the language of the petition, "your petitioner hath frequently and in a friendly manner, applied to the said Bosler and Hedges, and also the said William L. Joy (the trustee) and requested them to receive the said sum of $225, due as aforesaid, and to deliver up to be cancelled the said notes and the said deeds, indentures and writings conveying the said lands and tenements of your said petitioner in trust for the security of the payment of the money as aforesaid." Upon this an injunction was granted in vacation, restraining the sale of the property by the trustee. Upon defendant's motion, in term time, the injunction was dissolved as to part of the defendants, and continued as to the others, upon the condition that the plaintiff should deposit with the clerk of the District Court the amount admitted to be due. From this order the plaintiff appealed.

*Casady, Crocker & Polk* for the appellants.

I. It is well settled that a court of chancery will interfere by injunction to prevent the foreclosure of a mortgage or deed of trust given to secure an usurious contract. *Stringham* v. *Brown*, 7 Iowa 33; *Sloan* v. *Coolbaugh*, 10 Iowa 31; Story's Eq. section 301.

II. The tender was sufficient under section 1816 Rev. 1860.

*John A. Kasson* for the appellee.

I. When the object of the bill is to restrain a sale under a mortgage, and the plaintiff admits an unpaid indebtedness thus secured, he must pay or tender the amount admitted to be due in order to entitle himself to an injunction. *Stringham* v. *Brown*, 7 Iowa 33; *Sloan* v. *Coolbaugh*, 10 Iowa 31; 1 Story Eq. section 301.

II. The bill shows no definite tender, or even offer, to pay the amount admitted to be due. It alleges "frequent and

friendly requests" to receive the sum of $225 and cancel the deeds. Nor was the money in court to keep the tender good.

This is not only defective for want of time, and place, and manner, and facts showing its sufficiency, but is encumbered by a condition (viz:) *that the papers should be canceled.* To make a good tender the money should be produced and placed in the power of the creditor to receive it, and be kept accessible to him. Story on Cont. 635; *Sands* v. *Lyon,* 18 Conn. 18; (approved in) *Johnson* v. *Triggs,* 4 G. Greene 99; (same point) *Freeman* v. *Fleming,* 5 Iowa, 461; *Fanning* v. *Dunham,* 5 J. John. Ch. 122. "Tenders are *stricti juris* and nothing should be presumed in their favor." 4 G. Greene 99, *ut sup.*

Where an amount is admitted to be due unconditionally, the tender must be absolute, without condition. 2 T. R. 305; 1 Camp. 131, and other authorities cited in 2 Bouv. Law Dict. "Tender," 4, 3. The tender was insufficient, for it did not embrace the legal interest. *Phelps* v. *Pierson,* 1 G. Gr. 121.

WRIGHT, J.—I. Complainants appeal from the order of the District Court dissolving an injunction obtained by them to stay the sale of certain real estate under a trust deed. The action of the court was warranted by the following cases: *Stringham* v. *Brown,* 7 Iowa 33; *Sloan* v. *Coolbaugh,* 10 Ib. 31; *Johnson,* v. *Triggs,* 4 G. Greene, 99; *Freeman* v. *Fleming,* 5 Ib. 461, and *Mohn* v. *Stoner, ante.* And see Story on Cont. section 635; 5 Johns. Ch. 122; 18 Conn. 18; Story's Eq. Jur. section 301 and note 1.

II. An offer to pay a particular sum of money, without producing the same, as provided for in section 1816, Rev. of 1860, must be in writing. If not in writing, the necessity, as a general rule, for such production is not dispensed with.

III. As to when this court will interfere with the discretion exercised by the court below, in dissolving or continuing

an injunction, see *Shricker* v. *Field*, 9 Iowa, 366.

Decree affirmed.