## MOHN v. STONER.

1. TENDER. It is essential to the validity of a tender that the money tendered should be brought into and remain in court.
2. ERROR WITHOUT PREJUDICE. The Supreme Court will not reverse a judgment of the court below for an error which worked no prejudice to the appellant.
3. CONTRACT. When the owner of land authorized a party to make staves from timber standing upon the same, in consideration of a certain price per thousand which was agreed upon, it was held that the title of the staves passed to the maker as soon as they were completed, and that he could maintain replevin to recover the possession against the owner of the land before they were counted or the price paid.

*Appeal from Des Moines District Court.*

SATURDAY, OCTOBER 18.

A statement of the facts appears in the opinion of the court.

*Hall, Harrington & Hall* for the appellant, cited 12 Pick., 81; 2 Camp., 579; 3 John., 394; 6 Cow., 113; *Conyers et al.* v. *Ennis et al.*, 2 Mason, 236; 2 Marsh. Ky. R., 528; *Chapman* v. *Lothrop*, 6 Cow., 110; 7 Id., 85; 21 Pick., 378; Poth. Ob. N., 151; 11 Iowa, 30; 1 Strange, 638; 8 Mass., 261.

*Browning & Tracy* for the appellee.

BALDWIN, C. J.— In the case of *Johnson* v. *Triggs*, 4 G. Greene, 97, it was held that it is essential to the validity of a tender of money that he who makes it should have the money in court, and that the necessity for this rule is not obviated by the Code.

This construction of our statute in relation to tender has been recognized and followed by this court in the case of *Freeman* v. *Fleming*, 5 Iowa, 460, and in this case when formerly before this court. See 11 Iowa, 30. And whatever doubts we may now entertain as to the correctness of this

ruling, we do not now think it wise to overrule it, as it has been the settled rule of practice of the state for ten years.

The tender in this case is claimed to have been made in the year 1858, and just before the commencement of this action. The cause was tried at the October term, 1861.

The bill of exception shows, "that the money was never in court until the day before the case was called for trial at this term."

Upon the authority of the foregoing cases we think the court erred in refusing to give to the jury the following instructions:

"There has been no tender in this case, for the reason that the money claimed to have been tendered before commencing suit has not been in court since then, and was only brought into court about the time this trial commenced."

"In order to keep a tender good, it must be immediately placed in court, and if the jury find that the amount now in court claimed as a tender was placed there since this session of court, and was never in court before, then there has not been such a tender as the law requires."

There is, however, another question presented in this case which if held favorable to the position assumed by appellee, disposes of the ruling in reference to the tender, as an error without prejudice.

It appears that the parties agreed, in 1858, that the plaintiff should cut staves upon the defendant's land for five dollars per thousand. The plaintiff put his employees to work, and they cut about 8,000 staves, when they were stopped by the defendant. The staves were left in the timber some time, when they were counted by two men sent there by both parties for that purpose. The plaintiff neglected to take the staves away after they were counted, or to pay for the timber out of which they were made. The defendant took the staves out of the woods, and hauled them some distance to his house. The plaintiff, after the staves

were thus removed, tendered to defendant $40, and demanded the staves. The defendant refused to give them up, claiming the sum of $25 as due him for his trouble in hauling them from the timber to his house. The plaintiff brought this action of replevin to recover the possession of the staves, and under the instructions of the court the verdict of the jury was for the plaintiff.

The court instructed the jury, at the request of the plaintiff, "that if the defendant authorized plaintiff by himself or agent to make staves upon his land, the staves made by plaintiff in pursuance of such authority were the property of plaintiff, and plaintiff was entitled to the possession of the same, provided he offered to pay therefor." And refused to instruct the jury that the title to the staves thus cut and riven would not pass, until the staves were counted, and the price paid, and accepted by defendant. Other instructions were given and refused, but the foregoing present the main point in controversy.

Did the defendant, under his contract giving to the plaintiff the right to cut and rive the staves, at so much per thousand, part with his right to the possession of the material out of which the staves were manufactured?

It is claimed by appellant that, from the contract and conduct of the parties, there was never anything done which the law recognizes as a delivery; that the defendant did not intend to part with his staves until he received the pay; that where, on a sale of goods, no time is stipulated for the payment, the price is to be paid on their delivery to the purchaser; that in such cases payment is concurrent with, and a part of, the delivery; and should the purchaser take the goods under such an agreement, and then refuse to pay for them, the delivery would be held void for fraud, and the vendor may retake the goods.

We will concede it to be the law that where nothing is said at the sale as to the time of delivery or time of pay-

ment, that the payment, or a tender of the price, is, in such cases, a condition precedent, implied in the contract of sale, and the buyer cannot take the goods, or sue for them, without payment. But it is equally as well settled that if goods are sold upon credit, and nothing is agreed on as to the time of the delivery of the goods, the vendee is immediately entitled to the possession, and the right of possession, and the right of property, at once vests in him.

It is conceded that the defendant gave to the plaintiff the right to cut the trees on his land. There was a sale of the material out of which the staves were to be manufactured. This sale was made upon a credit; that is, the right to cut was given without the payment of money, until the staves were numbered, and a credit given at least until that time.

It was not the staves that were sold, but the right to cut the timber to manufacture staves out of. If it had been staves that were sold by the defendant, instead of trees, the rule of counsel as to the time of payment and delivery would properly apply, but by the sale of trees or the right to cut the staves from trees standing, there was a delivery as far as there could be of this kind of property.

From the language of the agreement, a majority of this court hold that the title and right to the possession of the staves was in plaintiff, from the time they were manufactured. We, therefore, conclude that the defendant had no right to a lien upon the staves for the value of the timber sold. In fact, it does not appear that the defendant claimed to detain the staves, except for the value of the labor bestowed in their removal from the timber. He had no right to detain them for this purpose. Having parted with the right of possession, his only remedy was in damages for the contract price. With this view of the case, we think that no tender was necessary, and that the instruction of the court in reference to the tender, although erroneous,

did not affect the plaintiff's right of recovery, as he was entitled to the property without such tender.

Affirmed.