## WARRINGTON v. POLLARD.

Tender: MUST BE KEPT GOOD BY DEPOSIT. To keep good a tender, the money must actually be produced and deposited in court. Where money tendered before suit brought is not deposited in court until the trial is partly through, it is insufficient if it does not embrace the costs that have accrued up to that time. The former rulings of the court on this subject adhered to.

*Appeal from Marion District Court.*

TUESDAY, APRIL 14.

TENDER : MUST BE KEPT GOOD : WHEN MONEY TO BE PAID INTO COURT.—Action for work and labor, commenced before a justice. Defense: denial — also set-off — and a plea of tender of $50 in money before suit brought, with this averment: that defendant is "still ready and willing to pay any amount plaintiff is justly entitled to, and for this purpose deposits that amount here in court." It was not deposited when the answer was filed. The record of the justice states, that, after the answer was filed, the defendant demanded a jury, a venire issued, a jury was summoned, impaneled and sworn, "and parties proceeded to the trial; the defendant deposited with the justice fifty dollars, as the money tendered the plaintiff, as payment in the above entitled cause, after the testimony was partly through on the part of the defendant." On the verdict
VOL. XXIV.—36

of the jury the justice rendered judgment for the defendant. Plaintiff appealed to the District Court. Jury trial. Verdict for plaintiff, on his demand for $63.47; for defendant, on his set-off for $13.47 — leaving fifty dollars. The jury also found, specially, that the defendant tendered plaintiff $50 before suit brought. There was no finding, as to whether the tender had been kept good.

The court rendered judgment against the defendant for $50 and costs.

Defendant excepted and appeals.

*J. E. Neal, Phillips, Gatch & Phillips* for the appellant.

*Stone, Ayres & Curtis* for the appellee.

DILLON, Ch. J. — The only material question in the case is, whether the court below erred in taxing the defendant with the costs? The sum tendered was just equal to the sum recovered. Hence the amount tendered was sufficient to save the defendant from costs, provided the tender was kept good. It is settled by the prior decisions of this court, that, notwithstanding the statute, it is essential to keep the tender good by actually producing the money and depositing it in court where it may at any time be accepted and received by the creditor. *Johnson* v. *Twiggs*, 4 G. Greene, 97; majority opinion followed, *Freeman* v. *Fleming*, 5 Iowa, 460; *Mohn* v. *Stoner*, 11 id. 30; *S. C.*, 14 id. 115, affirming *Johnson* v. *Twiggs*, BALDWIN, Ch. J., remarking "that it was not wise to overrule it, as it had been the settled practice of the State for ten years."

In principle *Mohn* v. *Stoner* (as reported in 14 Iowa, 115) covers this case. The money in that case was tendered before suit commenced, but not brought into court

*Margin note:* TENDER: must be kept good by deposit.

until the trial, several terms having elapsed. *Held*, that the tender had not been kept good.

In this case the amount tendered was not produced or deposited in court until after the trial had begun, and the plaintiff had finished his testimony, and the defendant had partly produced his. This was too late to save the defendant from liability for costs.

If the amount had been paid into court, as alleged in the answer, plaintiff might have accepted it, and thus the fees of the jurors and of his witnesses been saved.

The tender was not good until the money was in court. At the time the money was paid in, costs had been made, not embraced in the amount tendered, and which accrued after the filing of the answer.

To hold the tender good, would make the plaintiff liable for these costs, though they might never have been made had the money tendered been deposited in court concurrently with the filing of the answer. Whether, were the question an original and undecided one, we would reach the same conclusion as to the effect of the statute, or as to the effect of the non-production of the money in court, we need not stop to discuss. This is one of those cases where certainty in the rule, heretofore adopted, is the paramount consideration. We adhere to the former rulings of the court on this subject, and this adherence results in affirming the judgment below.

Affirmed.