Shugart & Lininger v. Pattee.

------

SHUGART & LININGER v. PATTEE.

1. **Pleading**: WAIVER OF MOTION. The right to object to the overruling of a motion to strike a pleading from the files, is waived by pleading, over.

2. **Tender**: MUST BE KEPT GOOD. To make a plea of tender available the tender must be kept good by bringing the money into court; and this rule applies as well where the tender is by an offer in writing under the statute, as where it is made by production and offer of the money.

3. **Attorney's fees**: STIPULATION FOR, IN NOTE. A stipulation in a promissory note that the maker will pay "fifteen dollars attorney's fees if this note is collected by suit." It was urged that the plaintiff was not entitled to such fees until he had succeeded in *collecting* the note by suit. *Held*, otherwise, and that plaintiff was entitled to have the same included in the judgment rendered in an action on the note.

*Appeal from Pottawattamie District Court.*

FRIDAY, OCTOBER 24.

ON the 2d day of October, 1872, plaintiffs commenced their action against defendant on two promissory notes not yet due, and asking a writ of attachment. The action was brought as upon a debt then due, and not for the purpose of obtaining a writ of attachment upon a debt not yet due where time only is wanting to fix an absolute indebtedness. The court sustained a demurrer to the original petition, and also quashed the attachment on motion of defendant; and afterward plaintiffs filed an amendment to their original petition, which, on motion, was stricken from the files.

The 'notes sued on each contain a stipulation to pay, in addition to the amount thereof, "fifteen dollars attorneys' fees" if the note is collected by suit. After the amendment to the petition was stricken from the files, and before further proceedings in the case the defendant tendered, in writing, the amount due on the notes (they being then due) less the attorney's fees stipulated for therein, which was refused by plaintiffs. Subsequently on the 17th day of December, 1872, the plaintiffs filed what they denominated a "supplemental and substituted petition," claiming a judgment on the notes then overdue and alleging grounds for an attachment different from those stated in the original petition.

The defendant moved to strike this supplemental petition from the files, which being overruled he filed an answer, and upon a trial before the court, judgment was rendered for plaintiffs for the amount due on the notes, including the attorney's fees mentioned therein. Defendant appeals.

*Clinton, Hart & Brewer* for the appellant.

*Sapp, Lyman & Hanna* for the appellees.

Shugart & Lininger v. Pattee.

MILLER, J.—I. It is first urged by appellant's counsel that the court erred in permitting plaintiffs to file their supple-

1. PLEADING.    mental petition, and in overruling appellant's motion to strike the same from the files.

Whether there was error in this ruling or not, appellant waived it by answering the supplemental petition and going to trial thereon. *Rea* v. *Flathers, admr.*, 31 Iowa, 545 ; *Benedict* v. *Hunt*, 32 id. 28.

II. On the trial defendant introduced a witness who testified that he had, for the defendant, made a tender in writing

2. TENDER.    of the amount due on the notes on the 10th day of December. The writing is as follows :

"COUNCIL BLUFFS, *December*, 10, 1872.

" Messrs. SHUGART & LININGER, COUNCIL BLUFFS :

"I hereby tender to you the full amount of my two promissory notes, principal and interest, executed to you and falling due October 1st, 1872, not including days of grace, less $42.90 already paid on same ; said notes being payable at your office in Council Bluffs, Iowa.                              " E. PATTEE.

" By *Clinton, Hart & Brewer*, his attorneys."

No objection was made at the time, or subsequently to the manner, of making the tender. This tender was pleaded in the defendant's answer, but it did not aver that the money was brought into court for the plaintiff, but simply averred a willingness to pay it. The evidence showed that defendant was willing to pay, but had not brought the money into court for the plaintiff. The court held, in substance, that the defendant could derive no benefit from the tender unless it was kept good by bringing the money into court.

It is well settled by numerous decisions of the court that a tender in order to be of any benefit to the party making it must be kept good. There can be no tender of benefit to the party tendering, unless the money is brought into court ready to be paid to the party entitled thereto. A plea of tender is an admission that the amount tendered is due, and it must be brought into court. The plea is not good, nor can evidence

be given threunder, unless a continued *readiness* (not simply a *willingness*) is averred, and the money paid into court. *Johnson* v. *Twiggs*, 4 G. Gr. 97; *Freeman* v. *Fleming*, 5 Iowa, 460; *Frink* v. *Coe*, 4 G. Gr. 555; *Mohn* v. *Stoner*, 11 Iowa, 30; *Same* v. *Same*, 14 id. 115; *Hambel* v. *Tower*, id. 530; *Warrington* v. *Hollard*, 24 id. 281; *Eastman* v. *District Township of Rapids*, 21 id. 590; *Jones Mullinix*, 25 id. 198; *Phelps* v. *Kathron*, 30 id. 230.

III. Generally, and independently of the statute, in order to constitute a valid tender, the money must be actually produced to the creditor. It must be in sight and capable of immediate delivery, to show that if the creditor be willing to accept it, it is ready to be paid. *Casady* v. *Bosler*, 11 Iowa 242; 2 Greenlf. on Ev., §§ 602, 603, and cases cited in notes. And such necessity exists under our statute unless the tender is in writing under section 1816 of the Revision. *Casady* v. *Bosler*, *supra*. This section provides that " an offer in writing to pay a particular sum of money    *    *    *    if not accepted, is equivalent to the actual tender of the money." A written tender, under this section, is, as expressed therein, " equivalent to the actual tender of the money." It dispenses with the necessity of actually producing the money, in order to make a valid tender, but it does not dispense with the necessity, when the party tendering is sued and pleads such tender, of keeping the tender good by paying the money into court. Under our statute a party may tender money in two different ways—one is by a production of the money and offering to pay it, the other is by an offer in writing to pay a particular sum. Either of these modes is good, but in either case, if the tender is not accepted, and suit is brought, and the tender pleaded, it must be kept good by payment of the money into court.

IV. It is claimed by appellant's counsel that the attorney's fees stipulated for in the notes should not have been included in the judgment because not yet mature, that plaintiff was not entitled to such fees until he had succeeded in *collecting* the notes by suit. The stipula-

3. ATTORNEY'S FEES.

tions in the notes are to pay in addition to the amount of the notes respectively, "fifteen dollars attorney's fees if this note is collected by suit." It is manifest that it was not intended, by this language, that the attorney's fee stipulated for should become due and payable only after the amount of the note had been collected by suit. On the contrary it is evident that the parties intended that the attorney's fee should become a part of the note—an "additional" sum — if a suit was instituted to collect the note, and was to be recoverable with the amount of the note.

No other question is made touching the matter of the attorney fees.

The judgment of the court below will be

Affirmed.