## WAIDE v. JOY ET AL.

1. **Tender**: CONTINUANCE OF. The failure of a justice of the peace to pay to the clerk the sum tendered in a case appealed from the justice to the Circuit Court will not cause the tender to fail, at least until the party making the tender shall have had a reasonable time, after receiving notice of the non-payment, to procure an order upon the justice.

*Appeal from Louisa Circuit Court.*

FRIDAY, DECEMBER 15.

ACTION of replevin to recover possession of a song-book said to be worth one dollar and twenty-five cents, and to recover twenty dollars as damages for the wrongful detention of the song-book. The action was brought before a justice of the peace. A writ of replevin was issued and served; the book was taken by the officer and delivered to the plaintiff. The defendants then tendered and paid into the justice's court the costs which had been made, and as damages for the detention more than the value of the book. This the plaintiff declined to accept. There was a trial and judgment was rendered in favor of the plaintiff, and defendants appealed. The justice, in sending his transcript to the Circuit Court, omitted to send with it the said money tendered by defendant. Before the trial in the Circuit Court the plaintiff, with the purpose

of accepting the tender, as the record states, asked the clerk if the money was on deposit with him and was informed that it was not. A trial was then had and judgment was again rendered for the plaintiff.

The defendants moved to tax all costs against the plaintiff which accrued after the tender was made; the court overruled the motion. From the ruling of the court on the motion the defendants appeal.

*Hurley & Hale* and *D. C. Cloud*, for appellant.

*Hoffman, Pickler & Brown*, for appellee.

ADAMS, J.—The bill of exceptions does not show the amount which the plaintiff recovered. If it was greater than the amount tendered then the tender would not, of course, affect the question of the taxation of costs. But we think we may assume that the amount recovered was less. The bill of exceptions and certificate of the judge show that a question arose as to whether the tender was kept good, and it is upon that question that the court below certifies that it is desirable to have the opinion of this court. It is not for us to say that the question did not arise and dispose of the case upon another question upon which the record shows nothing.

The only question, then, is as to whether the tender was kept good. The money was deposited with the justice, where it remained, and never was deposited in the Circuit Court. In *Mohn v. Stoner*, 14 Iowa, 115, a tender was made before the commencement of the suit; the money was not brought into court until the day before the trial. It was held that the tender was not kept good, and that to keep the tender good the money should have been brought into court sooner. Within what time, then, must the money in such case be brought into court in order to keep the tender good? Some time must necessarily elapse between the time the defendant is notified of the suit and the time when he could, with the utmost diligence, bring the money into court. During that time the tender must be considered as kept good, and we have no doubt that the defendant may

*1. TENDER: continuance of.*

have a reasonable time, in view of all the circumstances of the case. The same principle, we think, should be applied in the present case. It was not the duty of the defendants to stand over the justice from the time they took their appeal until he filed the papers and transcript with the clerk of the Circuit Court, nor had they any power over the justice to compel him to perform his duty. The court had such power; but the court could not act until the justice had been guilty of an omission. If the tender failed the moment the justice was guilty of an omission in respect thereto, then the defendants were powerless to keep the tender good; but it did not fail the moment the omission took place. The defendants had a right to assume that the justice would make his return as the law directs. If he failed to do it they should have a reasonable time to procure an order. But they could not be expected to do this until they had knowledge of the omission, and they should have a reasonable time after they had such knowledge. The money having been placed in the custody of the law, and where it must find its way into the Circuit Court, if at all, without the instrumentality of the defendants, the tender cannot be considered as having failed until they are in some way in fault. They were certainly not in fault for the omission of the justice. If they were in fault at all it was because they did not exercise reasonable diligence in procuring an order upon the justice to send up the money.

But the question certified to us is as to whether the tender failed by reason of the failure of the justice to deposit the money with the clerk. We are of the opinion that it did not.

REVERSED.