WILLIAM M. DORSEY

*v.*

MARCUS A. WOLFF.

*Filed at Springfield November 2, 1892.*

1. USURY—*clause in note for attorney's fees if not paid when due and suit is brought—whether usurious.* A promissory note provided for the payment of the principal two years after the date thereof, "with eight per cent interest per annum after maturity, and if not paid when due and suit is brought thereon, then we promise to pay ten per cent on the amount due herein, in addition, as an attorney's fee, and to be recovered as part of this note or by separate suit:" *Held,* that the provision for an attorney's fee did not render the transaction usurious, when it was not shown that ten per cent is an unreasonable attorney's fee.

2. PROMISSORY NOTE — *right of assignee to recover attorney's fees.* A clause in a note whereby the maker promises to pay an attorney's fee of ten per cent in case suit is brought thereon, either in such suit or by a separate action, passes by the assignment of the note as an incident to the main debt, and the assignee may recover such fee in an

action on the note, or in a separate action brought after suit on the note.

3. SAME—*promising attorney's fees and interest after due—whether negotiable.* A provision in a note for the payment of the legal rate of interest after maturity, and that if not paid when due and suit is brought thereon, the maker promises "to pay ten per cent on the amount due thereon, in addition, as an attorney's fee, to be recovered as part of the note or by separate suit," will not destroy its negotiability, as such stipulation does not take effect until after the maturity of the note.

4. A note which provides for the payment, after maturity thereof, of a certain rate of interest per annum, not exceeding the legal rate, is not made conditional by such provision.

5. SAME—*defined.* In general terms a promissory note may be defined to be a written promise by one person to pay to another person therein named, or order, a fixed sum of money at all events and at a time specified therein, or at a time which must certainly arrive. A note is none the less negotiable because it is made payable on or before a named date.

6. An instrument for the payment of a specified sum of money, and also for the payment of something else, the value of which is not ascertained but depends upon extrinsic evidence, is not a promissory note.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

This is an action of assumpsit, begun in the Circuit Court of Macoupin County on May 16, 1889, by Marcus A. Wolff against the appellant, Dorsey, to recover, as attorney's fees, the sum of ten per cent upon the amount found to be due upon the promissory notes hereinafter mentioned in a suit theretofore brought upon said notes. The defendant demurred to the declaration. The demurrer was overruled. The defendant excepted to the order overruling the demurrer and elected to stand by his demurrer. Thereupon plaintiff's damages were assessed at $1619.00, and judgment was rendered in his favor for that amount. The judgment has been affirmed by the Appellate Court, from which latter court the case is brought here by appeal.

The declaration sets up three notes, executed by the defendant, William M. Dorsey, dated December 31, 1885, payable to the order of George W. Belt, at the banking house of Belt, Bro's & Co. in Bunker Hill, Ills., the first for $13,586.84 on or before two years after date, the second for $543.47 on or before eighteen months after date, and the third for $543.47 on or before two years after date, each of which notes, after the maker promises for value received to pay the amount therein named to the order of said Belt, contains the following words: "with eight per cent interest per annum after maturity, and if not paid when due and suit is brought thereon, then we promise to pay ten per cent on the amount due hereon in addition as an attorney's fee, and to be recovered as part of this note, or by separate suit." By the terms of each note, also, the makers and endorsers waive presentment for payment, protest and notice, etc. The declaration then avers, that Dorsey delivered said notes to Belt, and Belt endorsed the same to plaintiff, etc; that said notes were not paid when due; that suit was brought thereon; that the said ten per cent was not paid before or after said suit was brought, and was not recovered in said suit so brought upon said notes as a part thereof, etc. One of the counts, in addition to the foregoing averments, alleges, that, after the maturity of the notes, they were placed in the hands of an attorney for suit; that suit was brought thereon, and, the ten per cent attorney's fee not having been recovered therein, the plaintiff, before the bringing of the present suit, paid his attorney for his services in said former suit the said sum of $1619.20.

Messrs. PALMER & SHUTT, for the appellant:

Whether stipulations, such as in this case, are so far a part of the notes as to destroy their negotiability, see 14 Cent. L. J. 86; *Morgan* v. *Edwards*, 53 Wis. 599; *Lauferty* v. *Johnson*, 17 Bradw. 551.

In some of the cases, penalties given to secure the prompt payment of the amount of notes at maturity have been held to be a part of the notes. *Bane* v. *Gridley*, 67 Ill. 388 ; *Laird* v. *Warner*, 92 id. 204 ; *Reeves* v. *Stipp*, 91 id. 609.

Mr. A. N. Yancey, for the appellee, contending that the provision for the payment of attorney's fee did not render the notes non-negotiable, cited *Nickerson* v. *Sheldon,* 33 Ill. 372 ; *Lowe* v. *Bliss*, 24 id. 168 ; *Kuhn* v. *Meyers*, 37 Iowa, 361 ; *Smiley* v. *Meir*, 47 Ind. 559 ; *Smerk* v. *Ripley*, 62 id. 81 ; *Shuyert* v. *Patty*, 37 Iowa, 422 ; *Bank* v. *Breese*, 39 id. 640 ; *Clawson* v. *Munson*, 55 Ill. 394 ; *Adams* v. *Addington*, 16 Fed. Rep. 1889 ; Daniel on Neg. Inst. sec. 62 ; 2 Parsons on Notes and Bills, 413, 414.

As long as the notes retained the peculiar characteristics of commercial paper,—viz., up to the time of maturity and dishonor,—the amount to be paid, on the one hand, and to be received, on the other, was fixed and definite. *Sperry* v. *Haar*, 32 Iowa, 184 ; *Gaar* v. *Banking Co.* 11 Bush, 180 ; *Seaton* v. *Scoville*, 18 Kan. 433 ; *Adams* v. *Addington*, 19 Fed. Rep. 89 ; *W. S. M. Co.* v. *Moreno*, 6 Sawyer, 35 ; *Bank* v. *Ellis*, id. 96 ; *Howenstein* v. *Barnes*, 5 Dill. 482 ; *Dietrich* v. *Bayhi*, 23 La. Ann. 767 ; 1 Randolph on Com. Paper, sec. 205, and notes.

It strikes us that that part of the instrument which counsel are pleased to call "the stipulation," is as clearly a part of the instrument sued on as the promise to pay eight per cent after maturity, or as the stipulation frequently found in notes, and which the courts have universally held to be a part of the note and recoverable by the endorsee thereof, viz., and if not paid when due, to draw eight per cent from date. *Bane* v. *Gridley*, 67 Ill. 388 ; *Gobble* v. *Linder*, 76 id. 157 ; *Reeves* v. *Stipp*, 91 id. 609 ; *Laird* v. *Warren*, 92 id. 204.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The main question presented by the assignments of error is whether or not the notes described in the declaration are negotiable instruments. It is claimed by the appellant, that the notes were made non-negotiable by the insertion therein of the written promise of the maker, that, if they were not paid when due and suit was brought thereon, he would pay ten per cent on the amount due thereon in addition, as an attorney's fee, and to be recovered as a 'part of the notes, or by separate suit; that the endorsements by the payee did not confer the right upon the endorsee to bring suit in his own name upon the notes; that, even if such endorsements should be held to have conferred upon the assignee the right to bring a suit upon the notes in his own name, it did not confer upon such assignee the right to bring a separate suit upon the stipulations or promises as to the attorney's fee.

Various definitions have been given of a promissory note. In general terms, it may be defined to be a written promise by one person to pay to another person therein named or order a fixed sum of money, at all events, and at a time specified therein, or at a time which must certainly arrive. (*Lowe* v. *Bliss*, 24 Ill. 168; *Chicago R'lw'y Equip. Co.* v. *Merchants' Bank*, 136 U. S. 268; Story on Prom. Notes, p. 2; 3 Kent's Com. 74; 2 Am. and Eng. Enc. of Law, page 314.) A note is none the less negotiable because it is made payable on or before a named date. (*Chicago Ry. Equip. Co.* v. *Merchants' Bank*, *supra*; *Cisne* v. *Chidester*, 85 Ill. 523; *Ernst* v. *Steckman*, 74 Penn. St. 13.) An instrument for a specified sum of money, and also for the payment of something else the value of which is not ascertained but depends upon extrinsic evidence, is not a note. (*Lowe* v. *Bliss, supra*.) A note, which provides for the payment after the maturity thereof of a certain rate of interest per annum not exceeding the legal rate, is not made conditional by such provision. (*Houghton* v.

38—142 ILL.

*Francis*, 29 Ill. 244; *Reeves* v. *Stipp*, 91 id. 609; *Laird* v. *Warren*, 92 id. 204.)

Applying these definitions to the notes mentioned in the declaration in this case, we find that each note is "a note for a sum certain payable at a fixed date." (*Dietrich* v. *Bayhi*, 23 La. Ann. 767.) The notes are not payable on a contingency because the maker has the option of paying on or before a certain date; nor are they conditional instruments because they contain the words, "with eight per cent interest per annum after maturity." The portion of each note, which precedes the stipulation or promise as to the attorney's fee, is in itself a complete promissory note. For example : the part of the first note, that goes before the provision for the fee, is as follows : "$13,586.84. Bunker Hill, Ills., Dec. 31, 1885. On or before two years after date, for value received, we or either of us promise to pay to the order of George W. Belt thirteen thousand five hundred eighty-six & $\frac{84}{100}$ dollars, payable at the Banking House of Belt Bros. & Co. in Bunker Hill, Ills., with eight per cent interest per annum after maturity," etc. "Here the sum, time of payment and payee are certain, and these are the essential characteristics of a promissory note." (*Houghton* v. *Francis, supra.*)

The promise to pay the attorney's fee is a promise to do something after the note matures. It does not affect the character of the note before, or up to the time of its maturity, either as to certainty in the amount to be paid, or fixedness in the date of payment, or definiteness in the description of the person to whom the payment is to be made. The stipulation or promise as to the attorney's fee cannot, therefore, affect the negotiability of the note, because the negotiability of a promissory note is, for all practical purposes, at an end when it matures. Parties taking it after its maturity cannot claim to be innocent holders without notice of defences, which may be set up by the maker against its collection. If the stipulation for an attorney's fee is of such a character as to

make the amount to be paid at maturity uncertain or indefinite, the note cannot be regarded as negotiable so as to authorize a suit upon it by the indorsee, but where the stipulation does not have such an effect, its insertion in the note does not destroy the negotiability of the note.

When the amount to be paid at maturity is certain and fixed, the maker knows what he has to pay, and the holder knows what he is to receive, from the face of the note itself. Commercial paper is expected to be paid promptly when it is due. A stipulation for an attorney's fee, which is only to be recovered if the note is not paid when due and suit is brought upon it, can have no force except upon the maker's default. If he keeps his contract by paying his note at its maturity, he will not be obliged to pay the additional amount; and no element of uncertainty enters into the contract. By the stipulation, the maker offers to the holder an assurance of his own confidence in his ability to pay without suit, and thereby adds to the value of the paper as promising less expense in its collection. It has been said, that "the additional agreement relates rather to the remedy upon the note, if a legal remedy be pursued, than to the sum which the maker is bound to pay; and that it is not different in its character from a cognovit, which, when attached to promissory notes, does not destroy their negotiability." (Daniel on Neg. Ins.—4 ed.— secs. 62, 62 a.) We do not think, that the negotiability of the notes in this case was destroyed by the stipulations therein as to attorney's fees.

The view here expressed is sustained by the authorities. In *Nickerson* v. *Sheldon*, 33 Ill. 372, the note contained this provision: "And we further agree, if the above note is not paid without suit, to pay ten dollars, in addition to the above, for attorney's fees." In that case, the plaintiff did not declare for the $10.00, and hence the recovery was only for the principal and interest due on the note, but we held the note to be negotiable under the statute, and said: "the amount due by

this note is absolutely certain and it possesses all the requisites of a negotiable instrument under the statute. *Stewart et al.* v. *Smith*, 28 Ill. 397. There is no uncertainty as to the precise sum of money to be paid on the maturity of the note." (*Bane* v. *Gridley*, 67 Ill. 388; *Gobble* v. *Linder*, 76 id. 157; *Barton* v. *Farmers' Nat. Bank*, 122 id. 352.)

In *Stoneman* v. *Pyle*, 35 Ind. 103, the note contained a stipulation for the payment of attorney's fees should suit be instituted thereon, and it was said: "We see no reason, on principle or authority, or on grounds of public policy, for holding that such a stipulation destroys the commercial character of paper otherwise having that character. * * * So here the defendant had the right to pay the face of the note when due and avoid the attorney's fees. As long as the note retained the peculiar characteristics of commercial paper, viz., up to the time of its maturity and dishonor, the amount to be paid on the one hand and recovered on the other, was fixed and definite." (*Smock* v. *Ripley*, 62 Ind. 81).

In *Gaar* v. *Louisville Banking Co.* 11 Bush, (Ky.) 180, there was endorsed upon the back of an accepted bill of exchange an agreement by the drawers, indorsers and acceptors thereof "to pay a reasonable attorney's fee to any holder thereof if the same shall hereafter be sued upon, and also pay interest at the rate of ten per cent per annum after maturity until paid"; and it was claimed that the written agreement so endorsed upon the bill destroyed its negotiability on the ground that the amount of the attorney's fee was not ascertained, and hence that the bill was for an uncertain amount; but the Court held otherwise and said: "the amount to be paid at maturity was fixed and certain, and it was only in the event that the bill was not paid when due, that any uncertainty arose. The reason for the rule that the amount to be paid must be fixed and certain is, that the paper is to become a substitute for money, and this it cannot be, unless it can be ascertained from it exactly how much money it represents. As long,

therefore, as it remains a substitute for money, the amount, which it entitles the holder to demand, must be fixed and certain; but when it is past due, it ceases to have that peculiar quality denominated negotiability, or to perform the office of money; and hence anything, which only renders its amount uncertain after it has ceased to be a substitute for money, but which in no wise affected it until after it had performed its office, cannot prevent its becoming negotiable paper."

In *Seaton* v. *Scovill*, 18 Kan. 433, a note for the payment of a certain sum "with interest at twelve per cent. per annum after due until paid; also, costs of collecting, including reasonable attorney-fees if suit be instituted on this note," was held to be negotiable, and Mr. Justice Brewer, delivering the opinion of the Court, quoted with approval the above extract from the Kentucky case, and said: "The amount due at the maturity of the paper is certain; and the only uncertainty is in the amount, which shall be collectible in case the maker defaults at the maturity of the paper in his promise to pay, and the holder is driven to the necessity of instituting a suit for collection, and then only as to the expenses of such collection."

In *Sperry* v. *Horr*, 32 Iowa, 184, each of the notes sued upon was for a certain sum and contained the following words: "with ten per cent. interest until paid; if not paid when due, and suit is brought thereon, I hereby agree to pay collection and attorney fees therefor;" and the Court held them to be negotiable, saying: "the attorneys' fees are not part of the sums due on the notes, but is an amount for which the maker may become liable when a legal remedy is enforced against him." (*Shugart* v. *Pattee*, 37 Iowa, 422; *First Nat. Bank* v. *Breese*, 39 id. 640; *Howenstein* v. *Barnes*, 5 Dillon, 482; *Schlesinger* v. *Arline*, 31 Fed. Rep. 648; *Wilson S. M. Co.* v. *Moreno*, 6 Sawyer, 35).

Inasmuch as the note is negotiable and passes by endorsement to the assignee, the agreement as to the attorney's fee, also passes to such assignee as a part of the note. The stip-

ulation or promise to pay the attorney's fee is not made with the payee alone. The note is payable to the payee or order. The promise is as much to the holder as to the original payee. The fee is to be paid if the note is not paid when due, whether it is then owned by the payee, or by any other holder. Moreover, the attorney's fee is an incident to the main debt and passes with it. (*Bank of British North America* v. *Ellis*, 2 Fed. Rep. 44; 2 Daniel on Neg. Ins. sec. 62 a; *Adams* v. *Addington*, 16 Fed. Rep. 89). The promise to pay it, thereby lessening the cost of collection in case of suit, gives the note currency as well as security, and is regarded as a provision for the endorsee or holder, as well as for the payee. (*Bank of British N. America* v. *Ellis*, 6 Sawyer, 96). Daniel in his work on Negotiable Instruments (vol. 2, sec. 62 a) says: "When the added stipulation is deemed valid and the bill or note negotiable, such stipulation becomes a part of the acceptor's or indorser's contract, and need not be sued for by the attorney, but is recoverable by the holder of the instrument." (See cases cited in note 3.).

A further question arises as to the mode of enforcing the collection of the fee. It is said that it cannot be recovered in a separate suit if it is not embraced in the recovery on the note. Such seems to be the doctrine in Indiana. (*Smiley* v. *Meir*, 47 Ind. 559). In a case in Iowa, also, where the note sued on contained a stipulation "to pay, in addition to the amount thereof, fifteen dollars attorneys' fees if the note is collected by suit," it was held, not to be the intention of the parties that the fee should become due only after the note was collected by suit, but to be their intention that the fee should be recoverable with the amount of the note. (*Shugart* v. *Pattee*, 37 Iowa, 422).

In this State it has been held that the fee is not due when the suit is brought on the note, and therefore cannot be included in the assessment of damages. (*Nickerson* v. *Babcock*, 29 Ill. 497; *Easter* v. *Boyd*, 79 id. 325). In the two cases, how-

ever, in which the Court so held, there was no express agreement in the note that the fee might be recovered in a separate suit. (*Nickerson* v. *Babcock, supra; Easter* v. *Boyd, supra*). In the case at bar, the promise is "to pay ten per cent on the amount due hereon in addition as an attorney's fee and to be recovered as a part of this note, *or by separate suit.*" Whether or not a stipulation to pay the fee to be recovered as a part of the note, in case suit is brought on it for its non-payment when due, is so far a mere incident to the main debt that a separate suit cannot be brought for the fee after the termination of the suit on the note, is a question which is not presented by this record. We see no reason why the maker of the note may not stipulate that a separate suit may be brought for the fee, and why such stipulation cannot be enforced by the payee or the holder. If the written promise to pay the fee passes to the holder by the endorsement, the written agreement as to the mode of recovery also passes. The fact, that the engagement to pay a fee is incidental and ancillary to the main engagement to pay the debt, does not prevent the maker of the note from agreeing to submit to a separate suit for the recovery of the fee. We are therefore of the opinion that the present suit is properly brought.

It is further claimed, that the agreement to pay ten per cent as a fee is usurious. The authorities above referred to hold to the contrary. (*Stoneman* v. *Pyle, supra; Wilson Sewing Mach. Co.* v. *Moreno, supra*). (See also: 2 Parsons on Notes & Bills, pages 413, 414; *Clawson* v. *Munson*, 55 Ill. 394; *Barton* v. *Farmers' Nat. Bank*, 122 id. 352). There is here no violation of the usury law, because the agreement "provides for no new or additional compensation or interest for the use of the money because of the failure to pay at maturity. It is not in the nature of a contract for additional interest, but a provision merely against loss or damage to the payee (or holder) specifically pointed out." (*Barton* v. *Farmers' Nat. Bank, supra*). There is nothing to show that ten per cent on the amount due

is an unreasonable fee.    The defendant stood by his demurrer
to the declaration, which described the notes, and the provis-
ion therein for a fee of 10 per cent.    The declaration must
therefore be regarded as alleging in substance, that a reason-
able attorneys' fee was ten per cent on the amount due on the
notes.    (*Smiley* v. *Meir, supra*).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*