## Dwight L. Smith v. Johnston Myers.

1. PROMISSORY NOTES—*Amount to Be Paid Must Be Certain.*—An instrument in writing which is a promise to pay $500 with interest at six per cent per annum and taxes is not a promissory note, as the amount to be paid is uncertain.

2. SAME—*An Unconditional Promise to Pay a Certain Sum.*—A promissory note is an unconditional promise in writing to pay a certain sum of money absolutely and in all events.

3. INDORSEMENT—*Of Paper Which is Not a Promissory Note.*—No

contract is implied from the signing by a party of his name upon the back of a paper which is not a promissory note.

Assumpsit, upon a promissory note. Appeal from the Circuit Court of Cook County; the Hon. Charles A. Bishop. Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 31, 1903.

Hoyne, O'Connor & Hoyne, attorneys for appellant.

Blewett Lee, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the court.

An action of assumpsit was brought upon the following writing:

"$3,500.                    Waterbury, Ct., August 1, 1893.
One year after date I promise to pay to the order of Norman D. Grannis, thirty-five hundred dollars, at the Fourth National Bank. Value received, with interest at six per cent per annum and taxes.

W. C. Myers."

The indorsements on said note, omitting indorsement of payments, are as follows:

"Dwight L. Smith, August 3, 1893.
Rev. Johnston Myers, Cincinnati, Ohio, July 31, 1893.
N. D. Grannis."

On the trial of the case the plaintiff gave in evidence the writing in question, together with the indorsements thereon, also proof that note was duly presented for payment when due, and duly protested, and notice given to the indorsers. The plaintiff also testified that he paid the full amount of note to payee, that he first saw the note August 3, 1893, and that the indorsement "Dwight L. Smith, August 3, 1893," is in his own handwriting.

The defendant gave in evidence section 1860 of the general statutes of Connecticut, as follows:

"The blank indorsement of a negotiable or a non-negotiable note by a person who is neither its maker nor its payee, before or after the indorsement of such note by the payee, shall import the contract of an ordinary indorse-

ment as between such indorser and the payee or subsequent holders of such paper."

Also section 3828 from the same book, as follows:

"Personal property in this state, or elsewhere, not exempt by its title, shall, for the purpose of taxation, include all notes, bonds and stocks, etc."

The plaintiff offered, in addition to the evidence received on his behalf, numerous letters written by the defendant to the plaintiff, and letter of W. C. Myers, written to plaintiff, and also offered to prove the time of, and conditions under which he indorsed the paper; also the time of his indorsement with reference to the time appellee indorsed, also the place paper was delivered to payee; all of which was refused by the court.

At the close of the trial the court instructed the jury to find the issues for the defendant.

The instrument under consideration being a promise to pay $3,500 with interest at six per cent per annum and taxes, the amount to be paid thereon is uncertain; consequently it is not a promissory note. A promissory note is an unconditional promise in writing to pay a certain sum of money absolutely and in all events. 4th Am. & Eng. Ency. of Law, 2d Ed., p. 77; Daniel on Negotiable Instruments, Section 28; Byles on Bills, 5; Dorsey v. Wolff, 142 Ill. 589–593; Ayrey v. Fearnsides, 4 Meeson & Welsby, 168; Howell v. Todd, Federal Cases, 67–83; Walker v. Thompson, 108 Mich. 686; Carmody v. Crane, 110 Mich. 508; Donaldson v. Grant, 15 Utah, 231; Farquhar v. Fidelity Trust and Safe Deposit Co., 13th Philadelphia, 473.

Not being a promissory note, no contract is implied from the signing by appellee of his name upon the back of the paper. No consideration for the indorsement of this paper by appellee was shown, nor did appellee prove or offer to prove any state of facts from which would arise an undertaking by appellee to indemnify appellant in whole or in part for the payment made by him to the holder of said paper, although appellant did offer in evidence letters written by appellee indicating his understanding that he was

under a pecuniary obligation by reason of having indorsed the paper, and appellant also offered to prove the time of, and conditions under which, he indorsed the paper and the time at which he indorsed with reference to the time when appellee's name was written thereon.   Also, the place at which the paper was delivered to the payee thereof.   The condition which appellant offered and was not permitted to show appears to have been that he, appellant, refused to indorse the paper until some one else had indorsed it. The instrument under consideration not being a promissory note, had appellant shown all that he offered to, he would not have established any valid contract upon the part of appellee to indemnify him for the payment he made upon the instrument.

The judgment of the Circuit Court is affirmed.